### KERNODLE *v.* CASON.

DIVORCE.—ORDER FOR PAYMENT OF MONEY.—In a proceeding under sec. 17 of the divorce act, to enforce by attachment an order of the court for the payment of money, it is not necessary, though not improper, that tho husband should be notified and given a day in court to show cause why an attachment should not issue. The attachment may issue upon a proper affidavit, and after arrest the defendant can purge himself of the contempt by showing that he has complied with the. order, or that a valid reason exists why he should not be compelled to comply with it.

SAME.—ATTACHMENT FOR CONTEMPT.—If the defendant fails to purge himself from the contempt, the court may order him to be imprisoned until the money is paid. The law does not contemplate adversary proceedings in such cases. The proceedings in attachment for contempt are summary.

SAME.—Courts of record have exclusive control over charges for contempt, and their conviction or acquittal is final, and no appeal will lie.

APPEAL from the *Boone* Circuit Court.

ELLIOTT, J.—At the *September* term, 1864, of the· *Boone* Circuit Court, *Mary Cason*, the appellant, filed in said court her written motion, verified by affidavits, alleging that, at the *March* term, 1859, of said court, in a suit then pending therein for divorce, in which she was plaintiff, and *George Kernodle*, the appellant, was defendant, the court ordered and directed said defendant to pay into the clerk's office of said court in sixty days thereafter, for the use of said plaintiff, $100, and also ordered and directed said defendant to pay to said plaintiff the sum of $3 per week, payable quarterly, for taking care of and supporting their child; that she kept and supported said child from the date of said order until the time of the final decree in said divorce suit, being a period of twenty-four weeks, but that said order had not been complied with, and that the defendant had wholly failed to pay to the clerk, for her use, the said sum of $100, or any part thereof; and that he had also failed to pay to her said sum of $3 per week for keeping said child, amounting to the sum of $72, or any part thereof; and thereupon she asked a rule against the defendant

to show cause why an attachment should not issue against him to compel a compliance with said order. At the succeeding term of the court, the defendant appeared and demurred to the motion, but the court overruled the demurrer, and the defendant then filed an answer, alleging that the order was an interlocutory one, in a case then pending in said court for a divorce on the part of the plaintiff against said defendant; that, at the *September* term, 1859, of said court, said cause was finally tried and a decree of divorce rendered in favor of the plaintiff, and also for the sum of $900 as alimony against said defendant, and a judgment against him for costs; that he had fully paid said $900, and the costs of said suit, and therefore said orders should not be further enforced against him.

The court sustained a demurrer to the answer. The record then states: "And the defendant refusing to plead anew herein, the court proceeded to render judgment herein on said demurrer for said plaintiff for the sum of $172. It is therefore considered by the court, that said plaintiff recover of said defendant her attachment herein for said sum of $172, and also her charges and costs in this behalf expended," &c.

The object of the motion was to enforce, by attachment, as for a contempt, the previous order of the court for the payment of the money specified in the order, under sec. 17 of the divorce act. 2 G. & H., 352.

It was not necessary, though not improper, that the party should have been notified and given a day in court to show cause why an attachment should not issue. It might properly have issued by an order of the court in term, upon filing a proper affidavit of the non-payment of the money as ordered by the court, and the defendant, when arrested, by an answer under oath, could purge himself of the contempt and procure his discharge from arrest, by showing that he had complied with the order, or a valid cause, if such an one existed, why he should not then comply. But as he was summoned to show cause, and thus had an

opportunity to purge himself from the alleged contempt, if he failed to do so, it would have been proper for the court to order that he be attached and imprisoned for the contempt until he paid the money, or was otherwise legally discharged. In such cases the law does not contemplate adversary proceedings as in ordinary suits, by demurrer, answer, &c. The proceedings in attachment for contempt are summary. The final order of the court in this case, though exceedingly informal, is, in effect, only an order that an attachment for contempt should issue, as a means of enforcing the previous order of the court. From such an order no appeal lies to this court, and we cannot, therefore, decide the questions discussed by counsel for the want of jurisdiction. "Courts of record have exclusive control over charges for contempt, and their conviction or acquittal is final and conclusive." *The State* v. *Tipton,* 1 Blackf, 166; *Hunter* v. *The State,* 6 Ind. 423.

The appeal is dismissed.

*S. C. Willson,* for appellant.

*T. J. Cason,* for appellee.