No. 14,271.

## ABBOTT ET AL. *v.* THE UNION MUTUAL LIFE INSURANCE COMPANY.

TAXES.—*Foreclosure of Tax Lien.—Removal of Suit to United States Circuit Court.*—On the removal to the Circuit Court of the United States of a suit to quiet title on a tax deed, or to foreclose a lien, that court has power, in a chancery proceeding, to hear and determine the action, and its finding and decree is final and conclusive, and can not be impeached or questioned in a subsequent action in the Supreme Court of this State.

SAME.—*Sale.—Setting Aside of.*—Under a decree of the Circuit Court of the United States foreclosing a tax lien, a sale of the land was made by the special commissioner appointed by the court. On the application of the junior mortgagee the sale was set aside. Thereupon the mortgagee paid into court a certain sum of money, which was accepted by the purchaser at the sale and the complainant in full satisfaction of their claim, and the court entered an order declaring the mortgagee subrogated to all the rights of the complainant in the decree of foreclosure.

*Held,* that while the payment to the complainant satisfied the decree as to him, it was kept alive as to the mortgagee, and that a subsequent sale might be made.

SAME.—*Subrogation.—Prior Mortgagee.—Notice.*—The fact that the prior mortgagee had no notice of the application made by the junior mortgagee to be subrogated to the rights of the complainant in the decree, did not render the order of the court void, as the junior mortgagee and the complainant, the only parties interested, were in court.

SAME.—*Foreclosure of Tax Lien.—Owner of Land not Made Party.—Invalidity of Sale.*—In a suit to quiet title on a tax deed against the mortgagees of the land the owner of the land was not made a party. A decree was rendered declaring the tax deed invalid. The lien for taxes due was declared superior to the liens of the mortgagees and foreclosed, and the land was sold.

*Held,* that the sale was void as to the owner; that while a mortgagee was estopped by the decree to deny that the lien held by the complainant was superior to the liens held by the mortgagees, he was not estopped to assert that the owner held the title to the land when the decree was rendered.

From the Cass Circuit Court.

*F. J. Van Vorhis, W. W. Spencer, E. P. Ferris* and *J. S. Ferris,* for appellants.

*D. C. Justice,* for appellee.

COFFEY, J.—This was an action in the court below to quiet title to the land described in the complaint. The complaint proceeds upon the theory that the appellee is the owner in fee of the land in controversy, and seeks to quiet title as against the appellants. The cause was tried by the court, which, at the request of the parties, made a special finding of the facts, and stated its conclusions of law thereon.

The facts, so far as they are necessary to an understanding and proper decision of this cause, are as follows: On the 7th day of June, 1873, Lewis L. Kelley, being the owner of the land involved in this suit, mortgaged the same to David B. Abbott, now deceased, who was the father of the appellants. The mortgage was executed to secure a loan of $5,000, which is yet unpaid. On the 14th day of the same month Kelley executed to the appellee an additional mortgage on said land to secure a loan of $6,000, which is unpaid. On the 8th day of February, 1875, the land was sold for the taxes of 1873 and 1874, and bid in by John M. Baker for the sum of $290.92. Baker assigned the certificate of purchase to William S. Huddleston, who took a deed thereon, and at the June term of the Pulaski Circuit Court for the year 1877, instituted suit to quiet his title, praying that in the event his title should prove to be invalid that the amount due for taxes be ascertained, and that he have a decree foreclosing the same against the land. To this suit the appellee, David B. Abbott, and one Norman D. Knight, were made parties defendant. The cause, on the application of the appellee here, was removed to the Circuit Court of the United States for the District of the State of Indiana, where the same was docketed, and treated as a chancery proceeding.

The appellee and the said David B. Abbott each filed answers in said court, setting up their mortgage liens, in addition to which they averred that the tax sale above named was invalid, because Lewis L. Kelley, against whom the tax was assessed, possessed personal property in the county at the time of such sale out of which the tax could have been

Abbott *et al. v.* The Union Mutual Life Insurance Company.

made.   Knight was defaulted.   Upon a trial of the cause the court found that the taxes due the complainant amounted to the sum of $1,224.50, declared the same a lien on the land superior to the liens held by appellee and Abbott, and entered a decree foreclosing the same.   On the 9th day of July, 1881, the special commissioner appointed by the court to sell the land under this decree reported that he had sold it to William Spangler for the sum of $1,355, and that Spangler had complied with the terms of sale.

Upon objections made by the appellee the court refused to approve the sale and set the same aside.   Thereupon the appellee paid to the registry of the court the sum of $1,-389.50, which the complainant and the said Spangler drew out and accepted in full satisfaction of their claims, and the court entered an order declaring the appellee subrogated to all the rights of the complainant in the decree of foreclosure.   The land was again exposed to sale, bid in by the appellee, the sale reported to the court and approved, and a deed ordered made, and approved.   The appellee took possession of the land pursuant to its purchase and has ever since held the same.   It further appears that Kelley died insolvent, but at what date he died does not appear, nor does it appear that he ever parted with his title to the land in dispute.   He was not made a party to the suit to quiet title on the tax deed, nor were his heirs, if he had any, made parties.   It does not appear what claim, if any, Knight had upon or against the land.

Upon these facts the court found, as a conclusion of law, that the appellee was the owner in fee of the land in controversy, and entered a decree quieting its title.

Many questions of a purely technical character are presented and argued by both parties, but as the cause would not be reversed for any of these technical errors, we need not encumber this opinion with their discussion.   The questions which go to the merits of the controversy are:

*First.* Was the decree of the Circuit Court of the United State valid and binding on the parties thereto ; and,

*Second.* Did the appellee acquire title to the land under a sale made pursuant to that decree.

It is contended by the appellant that the remedy provided by our statute for the holders of invalid tax deeds is special, and could not be enforced by the Circuit Court of the United States in a proceeding in chancery.

We are not inclined to adopt this contention as being sound. Proceedings to foreclose mortgages and other liens are essentially proceedings in chancery, and the Circuit Court of the United States, in a case where it acquires jurisdiction, will enforce the rights conferred by the statutes of a State. Where the case is on the equity side of the court, in the enforcement of such rights, the United States courts are only applying an old remedy to a new equity. *Clark* v. *Smith,* 13 Peters, 195 ; *Holland* v. *Challen,* 110 U. S. 15 ; *Fenn* v. *Holme,* 21 How. 481 ; *Bennett* v. *Butterworth,* 11 How. 669 ; *Parish* v. *Ellis,* 16 Peters, 451 ; *Hooper* v. *Scheimer,* 23 How. 235 ; *Thompson* v. *Railroad Co.,* 6 Wall. 134.

In our opinion the Circuit Court of the United States had power to hear and determine the action brought by Huddleston to quiet title on his tax deed, and that the finding and decree of that court, as to the parties before it, is final and conclusive and can not be impeached or questioned in this case.

It is further contended by the appellants that the sale made by the special commissioner to Spangler satisfied the decree, and that no subsequent sale could thereafter be made. We do not think this position is tenable. Under the practice in the Circuit Court of the United States, the sales by its commissioners are subject to the approval of the court. In this case the court refused to approve the sale and set the same aside. When the sale was set aside by the court the case occupied the same position as before the sale was made.

The decree remained unsatisfied. It is true that the payment of the amount due to Huddleston by the appellee in this case, satisfied the decree as to Huddleston, but equity kept it alive as to the appellee, who had paid it to protect its lien on the land. Sheldon Sub., section 14; *Spray* v. *Rodman,* 43 Ind. 225.

Again it is objected that Abbott had no notice of the application made by the appellee to be subrogated to the rights of Huddleston in the decree foreclosing the tax lien, and it is contended that the order of the court is, for that reason, void.

Assuming, without deciding, that Abbott was not in court, and that he was not bound to take notice of every step taken between the date of the decree and the final sale of the property, we are still constrained to hold that the objection urged is unavailing. This order was one in which Abbott had no interest. It was wholly immaterial to him whether the lien was held by Huddleston or by the appellee. His rights were the same against either. So it was immaterial to him whether Huddleston assigned the decree direct to the appellee, or whether the appellee paid the claim and took an order subrogating it to the rights of Huddleston. Huddleston and the appellee were in court at the time the order of subrogation was made, and they being the only parties interested therein the order is valid.

The question as to whether the appellee, by its purchase under the decree of the Circuit Court of the United States, acquired title to the land in dispute still remains for consideration.

It is not claimed that either Abbott or the appellee owned, or made any claim of ownership, to the land at the time the suit between them and Huddleston was pending. The right of each consisted in a mortgage lien created by Kelley, the owner of the fee; nor is it claimed that either Kelley or his legal heirs were made parties to that suit. Had it been determined by the court that Huddleston's tax deed was valid

both Abbott and the appellee would have been bound by such determination, just as they are bound by the determination that Huddleston's lien is superior to the lien held by either of them. Had Huddleston succeeded in quieting his title the liens held by Abbott and the appellee would have been divested; but as they defeated the title claimed by Huddleston, the only thing settled between them was that the tax lien was superior to the other liens involved. It seems to be quite well settled that a sale on a decree of foreclosure where the owner of the property upon which the lien rests is not made a party, is void. *Curtis* v. *Gooding*, 99 Ind. 45; *Pauley* v. *Cauthorn*, 101 Ind. 91; *Shirk* v. *Andrews*, 92 Ind. 509; *Searle* v. *Whipperman*, 79 Ind. 424; *Daugherty* v. *Deardorf*, 107 Ind. 527; *Petry* v. *Ambrosher*, 100 Ind. 510; *Griffin* v. *Hodshire*, 119 Ind. 235.

As Kelley was the owner of the land in dispute at the time he executed Abbott's mortgage, the presumption is that he still owned it at the time of his death, and that it descended to his legal heirs. *Rush* v. *Megee*, 36 Ind. 69; *Adams* v. *Slate*, 87 Ind. 573.

As neither Kelley nor his heirs were made parties to the suit instituted by Huddleston, resulting in the decree upon which the land was sold, the sale as to them is void, and vested no title in the appellee. Without the owner before the court no valid decree for the sale of the land could be entered. Nor do we think the appellants are estopped by the decree in the proceedings to quiet title on the tax deed from asserting that Kelley owned the land at that time. They are estopped from denying that the lien held by Huddleston is superior to the lien held by them, and nothing more.

If the heirs of Kelley should, by proper legal proceedings, have the sale made on that decree declared void, we think the parties to that suit would stand precisely where they stood before the sale was made. That they would be enti-

tled to such a decree, under the facts now before us, can not be doubted.

The fact that no such decree has been made does not change the rights of the parties. If the sale is void, the rights of the parties are the same as if it had not been made.

The lien of Abbott's mortgage attached to the land, in the hands of Kelley, and there it must remain until Kelley's title is divested on some lien superior to the mortgage. This can not be done in a proceeding to which neither Kelley nor his heirs are made parties.

But it is contended that Knight held the title formerly owned by Kelley, and that we must presume such to be the fact.

We do not think we are authorized to indulge such a presumption. Of course, if Knight was the owner of Kelley's title at the time the suit to foreclose the tax lien was pending, a very different question from the one we are now considering would be presented. But, as we have seen, the presumption is that the title was in Kelley or his heirs.

The special finding is defective in not finding the relation in which Knight stood to the suit instituted by Huddleston to quiet his title. Did we know his relation to that suit we would be able to direct the proper decree by the circuit court, but in the absence of such knowledge we are unable to do so without the risk of doing an injustice.

In our opinion the circuit court erred in its conclusion on the facts found that the appellee is the owner of the land in controversy.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed Dec. 9, 1890.