No. 15,132.

## GRIGSBY v. AKIN.

TAXES.—*Invalid Sale of Land to Pay.*—*What Constitutes.*—*Title of Purchaser.*—*Liability for Waste.*—*Void Deed of Remote Grantor.*—*Burden of Proof.*—*Lien for Taxes.*—*How Asserted.*—*Incorrect Description of Land on Tax Duplicate.*—*When Immaterial.*—A. was the owner of the land in controversy, which was part of a larger tract belonging to T. She was taxed with land which she did not own, and paid the taxes, supposing that she was paying the same on the land which, in fact, belonged to her. The land belonging to A. was taxed with the other land to T., and sold in a suit to foreclose a tax lien, the appellant becoming the purchaser thereof. A. was not a party to the suit. After the date for redemption the appellant took a deed, and entered into the possession of the land and cut some timber.

*Held*, that the decree of foreclosure was, as to A., an absolute nullity, and the sale thereunder did not affect her title to the land in dispute.

Grigsby *v.* Akin.

*Held,* also, that the deed executed by the sheriff to the appellant, pursuant to the sale on the decree against T., was no defence to an action by A. for the possession of the land in controversy, nor was it any defence to her action for waste.

*Held,* also, that the claim of the appellant that one of A.'s grantors, who inherited the land in dispute from her first husband, and conveyed it during her second marriage, had children alive by her first husband at the date of the execution of said deed, thereby vitiating it, must be established by a preponderance of the testimony.

*Held,* also, that if the appellant desired a lien for taxes on the land in dispute, the burden was upon him to prove that there were taxes due upon that particular piece of said land, and the amount of such taxes.

*Held,* also, that if A. paid the taxes due from her, it was immaterial whether her land was correctly or incorrectly described on the tax duplicate.

DEED.—*Description of Land.*—*How Construed.*—That part of a deed which undertakes to describe the premises conveyed is always construed with great liberality, and a deed is never to be so construed as to render it void, if any other construction can be given it.

From the Sullivan Circuit Court.

*G. W. Buff* and *J. S. Bays,* for appellant.

*J. T. Hays* and *H. J. Hays,* for appellee.

COFFEY, C. J.—The complaint in this case consists of three paragraphs. The first is in the ordinary form of an action to recover the possession of real estate; the second is an action to recover for waste, and the third alleges, among other things, that the appellee is the owner in fee of the land therein described, deriving her title thereto by inheritance from her father; that her father, during his life, kept all the taxes and assessments against the same paid, and that since his death the appellee has fully paid all the taxes and assessments against the same each year as they became due; that notwithstanding such facts the auditor of Sullivan county assessed a large amount of taxes against the same, erroneously, in the name of Nancy A. Tilford, who did not pay the same because she did not own said land, and because the appellee was the owner thereof; that the prosecuting attorney of said county instituted an action in the Sullivan

Circuit Court to foreclose said supposed tax lien, making the said Nancy A. Tilford a party thereto, in which action a decree was rendered ordering the sale of said land; that pursuant to said decree the sheriff of said county sold said land and the appellant became the purchaser thereof and received a deed therefor; that the appellee was not a party to said suit and had no knowledge thereof during its pendency.

The appellant filed an answer to this complaint consisting of two paragraphs, and also a cross-bill by which he sought to quiet his title to the land in controversy.

Upon issues formed the cause was tried by a jury who returned a verdict for the appellee to the effect that she was the owner in fee of the land and was entitled to the possession of the same, and assessing her damages at twenty-five dollars.

Upon this verdict the court, over a motion for a new trial, rendered judgment.

The only errors properly assigned in this court are, that the court erred in overruling the demurrer to the second and third paragraphs of the complaint, and in overruling the appellant's motion for a new trial.

No objection to either the second or third paragraph of the complaint is pointed out, and after a careful reading we are of the opinion that they each state a cause of action.

The land in dispute is a tract containing seventeen and one-third acres, being a part of the east half of the southeast quarter of section thirty-four, in township six north, of range ten west, in Sullivan county, and is described by metes and bounds. The entire eighty-acre tract seems to have been taxed to Nancy A. Tilford.

The appellee was taxed with land in section thirty-three which she did not own, and supposing it to be the land in controversy paid the taxes on the same as they became due. Other parties paid taxes on all the land in section thirty-three, so that the taxes paid by the appellee was a double

tax.   The prosecuting attorney brought suit against Nancy A. Tilford under the provisions of section 6491, R. S. 1881, to foreclose the tax lien on the eighty-acre tract which includes the land in controversy, obtained a decree, sold the land in pursuance thereof and the appellant became the purchaser.   The appellee was not a party to that suit.   After the date for redemption the appellant took a deed and entered into the possession of the land and cut some timber.

It is a fundamental principle that a party can not be affected by a proceeding in court to which he was not a party, and in which he had no opportunity of being heard.   The decree of foreclosure was, as to the appellee, an absolute nullity, and the sale thereon did not affect her title to the land in dispute.   Her title was as perfect after the sale as it was prior thereto, and if she could have maintained an action for its possession against the appellant had he taken possession without the sale, she can maintain such action now.   The deed executed by the sheriff of Sullivan county to the appellant pursuant to the sale on the decree against Nancy A. Tilford, was no defence to the appellee's action for the possession of the land in controversy, nor was it any defence to her action for waste.

It is claimed, however, that under the well-established rule that a plaintiff in an action in ejectment must recover on the strength of his own title and not on the weakness of that of his adversary, the evidence in this cause was not sufficient to warrant a recovery by the appellee.

The title of the appellee is perfect, provided the descriptions contained in the conveyances are sufficiently definite; and provided further, that such conveyances are all valid.   The description found in some of the conveyances is uncertain, but not to such an extent, we think, as to render them, for that reason, void.

That part of a deed which undertakes to describe the premises conveyed is always construed with great liberality, and a deed is never to be so construed as to render it void,

Grigsby *v.* Akin.

if any other construction can be given it. *Key* v. *Ostrander*, 29 Ind. 1; *Gano* v. *Aldridge*, 27 Ind. 294.

We think the conveyances and decrees in partition read in evidence in this cause, when taken in connection with the other evidence, authorized the jury to find that the appellee was the owner of the land described in her complaint, provided a deed executed by Harriet Wilson to William B. Bowen is to be regarded as a valid conveyance.

Harriet Wilson was the widow of O. P. Wolf from whom she, as such widow, inherited the land now in dispute. She subsequently married John Wilson, and during the second marriage executed the deed above named.

It is claimed by the appellant that at the date of the execution of the deed she had children alive by her former husband, and that her deed to Bowen was, for that reason, void. The deed in question was executed on the 4th day of May, 1866, more than twenty years before the trial of this cause. The testimony as to whether Harriet Wilson had a child by her former husband, living at the time of her second marriage, is conflicting.

The burden was upon the appellant to show such facts as rendered her deed void, and this, we think, he failed to do. We are of the opinion that the evidence in the cause was sufficient to warrant the jury in finding that the appellee was the owner and entitled to the possession of the land in controversy.

It is also contended by the appellant that the court should have ascertained the amount of tax due on the land in controversy, and should have declared the same a lien.

It is sufficient to say, upon this branch of the case, that the land in dispute seems to have been taxed with an entire eighty-acre tract. If the appellant desired a lien for taxes on the particular seventeen acres in dispute here, the burden was on him to prove that there were taxes due upon this tract, and to prove the amount of such taxes. This he did not attempt to do, and, furthermore, the testimony tends to

prove that the appellee had paid all the taxes due from her in Sullivan county. If she paid the taxes due from her it was immaterial whether her land was correctly or incorrectly described on the tax duplicate.

Some other objections are urged as to the instructions given, and refused by the court, and to rulings of the court in admitting evidence on the trial of the cause.

We have given these questions a careful consideration, and do not think the court erred in any of the matters of which the appellant complains.

The damages assessed by the jury, however, are excessive. They are assessed at the sum of twenty-five dollars, whereas the highest damages proven were eight dollars.

The evidence in the cause does not make a case for exemplary damages.

If the appellee will remit the sum of seventeen dollars within sixty days from this date, the judgment will be affirmed at her costs ; otherwise it is reversed.

