STONEHILL *v.* STONEHILL.

[No. 17,903.   Filed December 17, 1896.]

DIVORCE.—*Custody and Support of Minor Child.—Attachment for Contempt of Court.—Statute Construed.*—The court may, under the provisions of section 1058, Burns' R. S. 1894 (1046, R. S. 1881), in decreeing a divorce, commit the custody of a minor child to the mother and require the father to contribute to the support of such child and upon failure of the father to comply with such order of court an attachment may be issued against him for contempt of court.

CONTEMPT.—*Imprisonment.*—Imprisonment for contempt of court in failing to pay money as ordered by the court is not imprisonment for debt within the meaning of the constitution.

From the St. Joseph Circuit Court. *Reversed.*

*Wilbert Ward,* for appellant.

MONKS, J.—On the 9th day of April, 1895, by decree of the St. Joseph Circuit Court, appellant was granted a divorce from appellee, and given the custody of their child, and in the final decree it was ordered and adjudged that appellee should pay to appellant, for the support of said child, the sum of $2.50 per week, and that appellant should have the sole care and custody of said child until the further order of the court. Afterwards a copy of said decree, duly certified by the clerk of said court, was served upon appellee.

Appellee failed, neglected and refused to pay said allowance, or any part thereof, and in January, 1895, when there was due from appellee under said order $90.00, appellant filed a written motion in the St. Joseph Circuit Court, setting forth said facts, and moved the court, thereon, to enter a rule against ap-

pellee to show cause why an attachment should not issue against him for contempt of court in failing to pay said sum for the support of said child, as ordered by the court. The trial court overruled said motion and refused to enter such rule.

The only question presented by the record is, had the court below the power or authority to enforce the order to pay $2.50 per week for the support of the child by an attachment for contempt?

Section 1058, Burns' R. S. 1894 (1046, R. S. 1881), provides that the court in decreeing a divorce shall make provision for the guardianship, custody, support and education of the minor children of said marriage.

It was in compliance with the requirements of the foregoing section of the statute that the court below ordered appellee to pay appellant $2.50 per week for the support of the child, and that she have the custody and control of the child until the further order of the court.

That part of the decree, as to the custody of the child until the further order of the court, remained within the control of the court below, and is subject to revision or alteration from time to time upon the application of either party. *Bush* v. *Bush,* 37 Ind. 164; *Baily* v. *Schrader,* 34 Ind. 260; *Sullivan* v. *Learned,* 49 Ind. 252; *Williams* v. *Williams,* 13 Ind. 523; *Ryce* v. *Ryce,* 52 Ind. 64; *Joab* v. *Sheets,* 99 Ind. 328; *Dubois* v. *Johnson,* 96 Ind. 6; 2 Work's Pract., section 1392 and cases cited.

The court, under the statute, necessarily has the right to commit the custody of the children to either party to the exclusion of the other, or to commit them to the custody of others, and in this case the court had the power, if application had been made by either party, to modify the order in regard to the custody of the child and give the custody to appellee or to a

stranger. If the court had this power, it necessarily follows that it also had the power, on application and notice, to modify the order in regard to the payment for support, not only as to amount, but as to the person to whom the same should be paid. *Cox* v. *Cox*, 25 Ind. 303. If the order were changed so as to give the custody to appellee or a stranger, the order requiring the payment for support to appellant could be modified and the money ordered paid to some one else. The person to whom money for support of a child is ordered paid by the court, receives it as a trustee, and can only expend the same for the benefit of the child.

It is well settled law that the circuit court has ample power and authority to punish for contempt any one who disobeys its orders made in any case where it has jurisdiction of the subject-matter and parties. *Kernodle* v. *Cason*, 25 Ind. 362; *Joab* v. *Sheets*, *supra*, and cases cited on p. 332; *Hawkins* v. *State*, 125 Ind. 570; *Little* v. *State*, 90 Ind. 338, 46 Am. Rep. 224.

Attachment for contempt is one of the methods for enforcing the payment of interlocutory orders in divorce cases, final decrees for alimony and support in many jurisdictions. *Buck* v. *Buck*, 60 Ill. 105; *Andrew* v. *Andrew*, 62 Vt. 495; *Galland* v. *Galland*, 44 Cal. 475, 13 Am. Rep. 167; 2 Bishop on Marriage and Divorce, section 1092, and cases cited; Stewart Marriage and Divorce, section 378, and cases cited; 2 Nelson on Divorce and Separation, section 939, and cases cited. See section 1054, Burns' R. S. 1894 (1042, R. S. 1881); *Kernodle* v. *Cason*, *supra;* 2 Works Pract., section 1390; 1 Ency. Plead. and Pract. 437, 438.

Imprisonment for contempt of court in failing to pay money as ordered by the court is not imprisonment for debt within the meaning of the constitution. *Ex parte Perkins*, 18 Cal. 60; *Pain* v. *Pain*, 80 N. C. 322;

2 Nelson Divorce and Separation, section 939; Stewart Marriage and Divorce, section 378.

The verified motion of appellant showed that appellee had failed to pay said allowance, or any part thereof, and had thereby disobeyed the order of the court. Upon this showing she was entitled to have the court issue the rule to show cause, as prayed for. The court therefore erred in overruling her motion and refusing said rule.

Judgment reversed, with instructions to issue a rule against Warren Stonehill to show cause, at a time to be fixed by the court below, why he should not be attached for contempt for a failure to pay the $2.50 per week, amounting to $90.00, as ordered by the court, and for further proceedings not inconsistent with this opinion.