## HUTCHINSON v. WOOD ET AL.

[No. 9,107.    Filed October 13, 1915.]

1. JUDGMENT.—*Quieting Tax Titles.—Conclusiveness.—Persons Not Parties.*—Under §10393 Burns 1914, Acts 1901 p. 336, providing that all persons who have or claim to have an interest in or lien upon property sold for taxes shall be made parties to an action by the holder to quiet title thereto, persons not made parties are not bound by any judgment that may be rendered in such proceeding.    p. 540.

2. JUDGMENT.— *Quieting Tax Titles.— Conclusiveness.— Parties.*— Plaintiff holding a tax title to land which had been quieted in her grantor, could not enjoin the collection, by the divorced wife of the original owner, of a judgment awarded such divorcee for the support of the children prior to the quieting of such title in plaintiff's grantor, where it appeared that such divorcee had been made a party to the quiet title proceeding in her individual capacity only, since by the divorce decree she was made a trustee for her children, and a judgment against her individually could not disturb the interests of the children.    p. 540.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Sarah Hutchinson against Maud Wood and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*George A. Kurtz* and *Drummond & Drummond,* for appellant.

*William N. Bergan* and *Henry A. Steis,* for appellees.

SHEA, C. J.—The trial court in this case made a special finding of facts, the substance of which is as follows: That on February 12, 1906, one John W. Reynolds was the owner of certain described real estate in St. Joseph County, Indiana, and on that date the treasurer of said county sold the undivided one-eighth of said lands to one Isaac Farneman for nonpayment of taxes. Said taxes were not paid, nor was the land redeemed from the sale, and on February 13, 1908, the county auditor executed a tax-title deed to Farneman for the undivided one-eighth of said lands, which was duly recorded February 19, 1908. On June 17, 1908,

one Maud Reynolds (appellee herein, now Maud Wood), wife of John W. Reynolds, filed her complaint for divorce in the St. Joseph Superior Court, praying for the custody of their two children Gertrude E. and Edith M. aged thirteen and nine years, respectively, judgment for $1,000 alimony, an allowance of $400 per year for the support of the children and all other proper relief; that summons issued to John W. Reynolds and was personally served by the sheriff on him June 19, 1908. Thereafter the cause was transferred to the St. Joseph Circuit Court, and on July 16, 1908, the court found in favor of plaintiff granting her the divorce and custody of the children until further order of the court; and the "court further finds for the plaintiff in the sum of $400 against the defendant as alimony, to be used for the support of the children, execution shall not issue on the judgment for two years from this date. Wherefore, it is considered, adjudged, and decreed by the court that the bonds of matrimony existing between the plaintiff, Maud Reynolds, and the defendant, John W. Reynolds, be dissolved, and the plaintiff be granted a divorce. It is further considered and adjudged by the court that the plaintiff have the sole care, custody and education of the minor children mentioned in the complaint, viz.: Gertrude Esther and Edith May Reynolds, until the further order of court, and the defendant is permitted to see said children at all reasonable times. It is further considered and adjudged by the court that the plaintiff recover of the defendant the sum of four hundred dollars, which sum is to be used for the support of said children, and execution shall not issue on said judgment for a period of two years, from this date, together with costs", etc. Defendant Reynolds did not appear at the trial and was defaulted. On February 11, 1907, the treasurer of St. Joseph County, Indiana, sold said real estate as the property of John W. Reynolds for nonpayment of taxes to Isaac Farneman. The taxes were not paid, nor was said real estate redeemed from the sale, and on Febru-

ary 12, 1909, the county auditor executed a tax-title deed
to the real estate described in the complaint to said Farne-
man. On May 31, 1909, Farneman filed in the St. Joseph
Circuit Court his complaint to quiet title, a copy of which
is set out in the special finding of facts, making defendants
thereto John W. Reynolds and Maud Reynolds (now Maud
Wood) and the St. Joseph County Savings Bank. Summons
was issued May 31, 1909, and served on defendants June 1,
1909. Thereafter such proceedings were had that on June
11, 1909, judgment was rendered in favor of Isaac Farne-
man quieting his title to said land. The court found in
favor of defendant bank on its mortgage lien of $350. De-
fendants John W. Reynolds and Maud Wood did not appear
to the action and were defaulted. On June 19, 1909, Isaac
Farneman and his wife Laura Grace Farneman executed
a quitclaim deed to the real estate in controversy to appel-
lant Sarah Hutchinson. It is found that the treasurer of
St. Joseph County made the sale of the real estate and
executed a tax-title deed without at any time making search
for personal property of John W. Reynolds upon which to
levy for nonpayment of taxes; that after the granting of the
judgment of divorce, appellee Maud Reynolds intermarried
with one Wood and is the same Maud Wood now a defend-
ant in the case at bar; that on November 17, 1911, through
her attorney, she executed a precipe for an execution upon
the judgment in the divorce proceedings, and the clerk of
the St. Joseph Circuit Court on November 23, 1911, issued
said execution; that defendant Millard F. Kerr, then the
sheriff of St. Joseph County, levied said execution upon the
real estate described in the complaint, and advertised same
for sale, and on December 28, 1911, appellant Sarah Hutch-
inson brought these proceedings against appellee Wood and
said Kerr to enjoin the sale of the real estate under said
execution or by virtue of the judgment rendered in the
cause of *Maud Reynolds* v. *John W. Reynolds.*

The court upon these facts stated its conclusions of law

to be that the judgment, the collection of which is sought to be enjoined in this action is a lien upon the real estate described in the complaint; that the beneficial interest in the judgment, the collection of which is sought to be enjoined in this action, is in the children of appellee Wood, who are named in the judgment and are not bound by the judgment in the action to quiet title instituted by Isaac Farneman; that appellant Hutchinson is not entitled to recover in this action. Judgment was rendered accordingly.

It is assigned that the court erred in overruling appellant's demurrer to appellee Wood's second and third amended paragraphs of answer, and in the con-

1. clusions of law stated on the special findings of fact.

The statute under which this proceeding was commenced provides that all parties who have liens and "all parties who have or claim to have, or appear of record in any one of the public offices of the county where such land or lot is situated to have any interest in or lien upon such land or lots shall be made defendants in such suit." §10393 Burns 1914, Acts 1901 p. 336. Persons who are not made parties to proceedings to enforce tax liens, are therefore not bound by any judgment that may be entered in such proceeding. *Farrar* v. *Clark* (1884), 97 Ind. 447; *Abbott* v. *Union Mut. Life Ins. Co.* (1890), 127 Ind. 70, 26 N. E. 153; *Grigsby* v. *Akin* (1891), 128 Ind. 591, 28 N. E. 180.

It therefore follows that if the decree entered in

2. the divorce proceeding of Maud Wood made her a trustee for her children, the judgment would not be binding as to her in any other capacity than in which she is sued. *Lord* v. *Wilcox* (1885), 99 Ind. 491, 496; *Elliott* v. *Frakes* (1880), 71 Ind. 412, 416; *Unfried* v. *Heberer* (1878), 63 Ind. 67, 72; *McBurnie* v. *Seaton* (1887), 111 Ind. 56, 58, 11 N. E. 101; *Sonnenberg* v. *Steinbach* (1897), 9 S. Dak. 518, 62 Am. St. 885. It is held in the case of *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 447, 45 N. E. 600, that the person to whom money for the support of a

child is ordered paid by the court, receives it as trustee, and can only expend it for the benefit of the child. Maud Wood was properly in court in the above proceeding in her individual capacity alone, therefore the judgment would be binding against her in her individual capacity only, and the interest of the children in the judgment lien was not disturbed by the action of the trial court in quieting title thereto in Isaac Farneman.

Other questions need not be considered as this finding disposes of all the questions properly presented.

Judgment affirmed.

Note.—Reported in 109 N. E. 794. Instances of conclusiveness in the case of a judgment, see 14 Am. St. 250; 15 Am. St. 142. See, also, under (1) 23 Cyc. 1280; (2) 23 Cyc. 1243.