PAVUK *v.* SCHEETZ

[No. 16,415.   Filed December 3, 1940.]

*Owen W. Crumpacker,* of Whiting; and *Frederick C. Crumpacker, Jr.,* of Hammond, for appellant.

*Byron E. Bamber,* of Hammond; and (*Thorpe, Bamber & Harrison,* of Hammond, of counsel) for appellee.

BRIDWELL, J.—The parties to this appeal were formerly husband and wife, living together in this relationship from the date of their marriage for a period of approximately seven years. Three children were born to them as the fruits of said marriage. On April 29, 1920, appellee was granted a divorce from the appellant, and was awarded the custody of the three minor children, and in said decree appellant was ordered to pay to the clerk of the Lake Superior Court the sum of $10.00 per week for the support of said children. Afterwards, on November 13, 1922, this decree was modified by the court, and appellant was ordered to pay the sum of $18.00 per month for such support, payments to be made to said clerk semi-monthly. In May, 1937, appellant filed his verified petition for a further modification of said decree in so far as it related to the payment of support money, and, after hearing on this petition, he was relieved from further payments, the three children having attained their majority. Appellant did not pay all the installments of "support money" as ordered by the court, and, from the time of the granting of the divorce in 1920, until the final decree of the court relevant thereto entered on June 2, 1937, installments aggregating $2,948.00 accrued and were unpaid.

On February 8, 1938, appellee instituted this action against appellant to recover said sum of $2,948.00. An

answer in three paragraphs was filed to the complaint, the first paragraph a general denial, the other two affirmative in character. A reply in general denial to the affirmative paragraphs of answer closed the issues. No question is raised on the pleadings. The cause was submitted to the court for trial, and there was a decision in favor of appellee that she recover from appellant the sum of $2,948.00 and costs. Judgment in accordance with the decision was rendered.

Appellant duly filed his motion for a new trial, asserting as causes therefor that the decision of the court is not sustained by sufficient evidence, and that such decision is contrary to law. This motion was overruled, appellant excepted, and thereafter perfected this appeal, assigning as error the action of the court in overruling said motion.

The evidence in the cause consists of a stipulation of facts made by the parties at the time of the trial ,which is as follows:

"Plaintiff and defendant were married in 1913 and lived together as husband and wife in Hammond, Indiana, until April 29th, 1920, when plaintiff was awarded an absolute divorce from defendant by the Lake Superior Court, Room No. One, in Cause No. 18599. There were three children born of plaintiff's marriage to defendant: Leland, born in 1914, Julius, born in 1915, and Pearl, born in 1918. In the decree granting the plaintiff a divorce from the defendant the court awarded the custody of the three minor children to the plaintiff and further ordered that the defendant pay into the clerk of the Lake Superior court the sum of Ten ($10.00) Dollars per week for the support of the three minor children. Thereafter, on November 13th, 1922, the decree was modified in that the defendant was ordered to pay the sum of Eighteen ($18.00) Dollars per month in semi-

monthly installments into the clerk's office for the support of the three minor children.

"The defendant made payments into the clerk's office from time to time and on June 13th, 1924, the court found the defendant to be in arrears in the payments in the sum of One Hundred Forty and 50/100 ($140.50) Dollars and purged the defendant of contempt. After June 13th, 1924, the defendant made no further payments into the clerk's office, nor any payments whatsoever to the plaintiff for the support of the three minor children.

"In May, 1937, the defendant filed in Cause No. 18599 in the Lake Superior Court, Room No. One, his verified petition for further modification of the order and decree of April 29th, 1920. Plaintiff was duly notified of the date set for hearing of defendant's verified petition but failed to appear in response thereto. On June 2nd, 1937, after a hearing on defendant's verified petition for modification, the order of April 29th, 1920, was modified in that the defendant was relieved of any further payments for the support of the three children, by reason of the fact that the children had attained their majority.

"In July, 1922, after her divorce from the defendant, the plaintiff married her present husband, Scheetz, and there were born of this marriage two children who are minors at the present time. In 1923 the defendant remarried and of this marriage there were born two children who are now minors.

"After plaintiff's remarriage, plaintiff and her husband, Scheetz, retained the custody of, and maintained a home for the three children, Leland, Julius, and Pearl, born of the plaintiff's marriage to defendant. They lived in Rensselaer, Indiana, for two (2) years, Plymouth, Indiana, for one (1) year, and are now living in Chesterton, Indiana. Defendant has never had the custody of Leland, Julius, and Pearl since 1924. These three children, shortly after plaintiff's marriage to Scheetz abandoned the defendant's name and assumed the name of Scheetz, although they were never legally adopted by Scheetz.

"Plaintiff received no alimony or property from defendant and had no separate estate or income of

her own at the time of her marriage to Scheetz. She has never received income from any source other than what the defendant paid into the clerk's office for the support of the three children after her marriage to Scheetz, except that on one occasion she borrowed a small, indefinite sum of money from her father. She has never been employed or worked for hire.

"After her second marriage Scheetz turned over his pay check to plaintiff for the purpose of maintaining the home and from this source the plaintiff paid the rent, food, clothing and education of the children, Leland, Julius and Pearl. Plaintiff herself cooked for the said children and prepared their meals, washed their clothes, mended their clothing, nursed them while they were sick, and guided them in their religious and educational pursuits. All household bills, including those for the food, clothing, shelter and education of the three children, Leland, Julius, and Pearl, were paid out of the wages earned by Scheetz, and not out of any independent income of the plaintiff. Prior to June, 1924, plaintiff had cited defendant for failure to comply with the order on two occasions.

"After June, 1924, plaintiff never demanded from the defendant any support of the three children. Plaintiff did not cite defendant into court for failure to comply with the order of April 29th, 1920, because she felt it was a waste of time. The three children, Leland, Julius, and Pearl were all married and had families of their own and were living apart from plaintiff and her husband, Scheetz, before the commencement of this action.

"On June 2nd, 1937, when the order of April 29th, 1920, was modified to relieve defendant of further payments by reason of the fact that the children had attained their majority, the defendant was in arrears in the payments of the order and subsequent modifications in the sum of Two Thousand Nine Hundred Forty-eight ($2,948.00) Dollars. Plaintiff had not made a demand on defendant for the payment of this sum."

When, in a divorce proceeding where the custody and maintenance of children is involved, the court having

jurisdiction grants the divorce, and, as a part of its decree, orders that the father pay a designated amount for their support and maintenance, the custody of the children being awarded to another, the father is under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life.

This court has held that when the father fails to comply with the court's decree as to payment for support, and continuous support is furnished *by the person awarded the custody* so as to meet the exigencies arising, sound public policy requires that the father be held liable to the one having the legal custody of said child, or children, and who rightfully meets the present needs of the child, or children, where such person has expended for that purpose an amount equal to, or in excess of that which the father was obligated to pay, but did not pay for the support of the child. *McCormick* v. *Collard* (1938), 105 Ind. App. 92, 10 N. E. (2d) 742. This case, however, does not purport to hold that unpaid installments of support money constitute a debt due from the father to the child's custodian and recoverable by such custodian regardless of what the facts may be in connection with the support and maintenance of the child.

If, when need requires, the one granted the legal custody of the child meets any exigency out of his own funds, such action being necessary because of a failure on the part of the father to discharge the duty imposed upon him by the court, then such person, to the extent he has supplied the necessary funds, may recover of the father the amount used for the purpose, provided such amount does not exceed

the amount of support money due and unpaid. *McCormick* v. *Collard, supra.*

Appellee, although awarded the custody of the children, has no proprietary rights in the amounts ordered paid for their support. Decrees of this class do not create the relationship of debtor and creditor between the father and the party to whom the custody of the children is given. Such money as is paid by reason of the decree can only be used for the benefit of the children. See *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 45 N. E. 600; *Hutchinson* v. *Wood* (1915), 59 Ind. App. 537, 540, 109 N. E. 794.

In order for appellee to recover in this action it was incumbent upon her to plead and prove what amounts she was required to pay and did pay, or the reasonable value of the commodities furnished by her, for the maintenance of said children out of her own earnings or funds, and that such expenditures were required on her part because of the needs of the children awarded to her custody, and the failure of appellant to pay support money in accordance with the decree of the court granting such custody to her.

It is our opinion that the facts stipulated do not constitute sufficient evidence to sustain the decision of the court. From such stipulation (the only evidence before the court), it cannot be determined what amount, if any, appellee furnished to maintain her children, and, in the absence of such proof, there is no basis for recovery in any amount.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

LAYMON, C. J., dissents.

NOTE.—Reported in 29 N. E. (2d) 992.