**Walter W. Williams, Appellant, v. Janet G. Williams, Appellee.**

**Gen. No. 9,334.**

HAYES, J., dissenting.

 Heard in this court at the February term, 1942. Opinion filed May 20, 1942. Rehearing denied October 6, 1942.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellant; WILLIAM WILSON and JOHN C. BUTLER, both of Chicago, of counsel.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

Appellant petitioner, Walter W. Williams, has appealed from an order entered by the circuit court of McLean county, Illinois, on November 6, 1941, denying appellant's petition for an itemized accounting by respondent appellee Janet G. Williams, of all funds which had been paid to her by him for the support of their two minor children under the terms of a prior decree of that court entered on July 26, 1940, in a suit wherein petitioner was granted a divorce by default on the grounds of wilful desertion, and wherein the custody of said minor children had been awarded to the mother, together with an order for a monthly allowance payable to her by the appellant for their support and education.

The abstract of record, petition and motion to strike the same disclose that the petitioner is a man of large property interests; that a suit for divorce and concerning the custody and support of the two minor children of the parties hereto was pending in said court; that a jury had been called and impaneled to try the issues of fact; that a "Memorandum of Agreement" by the parties dated July 26, 1940, was thereupon entered into and signed by said parties, adjusting and settling their property interests, certain costs and financial obligations and providing that

appellant herein pay to appellee the sum of ''$450.00 per month for care, support and education of the children''; that thereupon said divorce suit was dismissed and plaintiff (petitioner herein) on the same day filed a new suit for divorce alleging wilful desertion; that defendant appellee entered her written appearance and consent to default and hearing of the cause, which was thereupon heard by the court on default and a decree of divorce and for custody and support of the two minor children was entered as hereinabove indicated.

The decree contained among other provisions the following findings and recitals:

''The Court further finds that there was born to the marriage of the plaintiff and defendant one child named Charles W. Williams, now of the approximate age of three years and that at the time of the said marriage said defendant was the mother of one certain other child, now of the approximate age of six years, which said latter named child was after the marriage between the plaintiff and the defendant, legally adopted by the plaintiff according to the statute in such case made and provided and the name of said child in said adoption proceedings was changed to Arthur Williams.

''IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the bonds of matrimony between the plaintiff, Walter W. Williams, and the defendant, Janet G. Williams, be dissolved and they are hereby dissolved accordingly; and the parties are, and each of them is, freed from the obligations thereof.

''IT IS FURTHER ORDERED, adjudged and decreed that all of the rights or claims of the defendant in and to any property of the plaintiff including any right of claims of support and the rights or claims of dower and homestead are absolutely and forever barred to the defendant.

''IT IS FURTHER ORDERED, adjudged and decreed until further order of this Court that the said defendant

shall have the custody of the children, Charles W. Williams and Arthur Williams, subject to the right in the plaintiff of visitation of said children at reasonable times and places and that the said plaintiff shall pay to the defendant to maintain a suitable home for said children and for their care, support, maintenance and education the sum of $450.00 per month beginning August 5, 1940, and monthly thereafter during the minority of said children for said purpose. It appearing to the Court that suitable provisions have been made for the care and support of said children in lieu of .the provisions of this decree in the event of the death of the plaintiff during the minority of said children, it is therefore ordered that the above provisions respecting payments for the care, maintenance and support of said children shall not constitute a lien or charge against any of the property of the plaintiff.

''It is FURTHER ORDERED that unless otherwise ordered by the Court the said defendant shall keep and maintain said children within McLean County, Illinois.''

Subsequent to the entry of said decree on July 26, 1940, a supplemental order was entered on January 14, 1941, making more specific provisions concerning the custody and right of visitation to said children, wherein it is recited ''That it would be for the best interests of the parties and of said minor children that said times of visitation be fixed and determined by order of the Court.'' It is then provided that the petitioner shall have the custody and companionship of the two children upon certain Saturdays, Sundays, and a portion of the summer season therein specified, on terms and conditions recited.

No complaint is made by appellant of any violation of the terms of said decree; no prayer for any reduction in payments or other modification of .its terms as above modified, is contained in the appellant's petition; no complaint is made as to the care, custody, treatment or education of the children by the defend-

ant appellee nor of any misuse or waste of moneys or funds paid for their support thereunder.

The petition requesting the order for an accounting filed by plaintiff appellant on September 25, 1941, recites in substance the entry of the original decree of divorce on July 26, 1940, the order of court awarding custody of the children to the defendant subject to the right of visitation by the plaintiff; the provision in said decree that the plaintiff pay to the defendant to maintain a suitable home for the children and for their care, support, maintenance and education the sum of $450 per month beginning on August 5, 1940, and monthly thereafter during the minority of said children for said purposes; that the plaintiff agreed to advance and did advance to the defendant the sum of $1,500 for furnishing a home for said children and that all rights or claims of the defendant in property of or support by the plaintiff were barred to the defendant; that the petitioning plaintiff thereafter made payment of said sum of $1,500 and 13 monthly payments of $450 to the defendant pursuant to the terms of the decree, and further recites that "More than one year has elapsed since the entry of said decree and the initial payment made thereunder by the plaintiff to the defendant for the purpose of furnishing a suitable home for said children and for their care, support, maintenance and education, and yet no accounting has been made by the defendant to this Court of her disposition of said sum of Seven Thousand Three Hundred Fifty Dollars ($7,350.00)." The petition then prayed for an order of court requiring defendant "to file within a short day to be fixed by this Court, a detailed account of the disposition of said sum of Seven Thousand Three Hundred Fifty Dollars ($7,350.00) made by her, together with vouchers in support thereof."

Defendant appellee, Janet G. Williams filed her motion to strike the petition on the following grounds:

That the same was filed in the cause of the first suit numbered 18750 wherein all files had been withdrawn on July 26, 1940, whereas petition seeks an accounting in connection with a decree in cause No. 19086 entered on July 26, 1940, concerning which above recitals are made; that it was not contemplated nor provided in said decree that defendant mother should keep a specific record of the funds so received by her and no requirement to account for the expenditures of said moneys were imposed by any provision of said decree; that the sum of $450 per month was agreed upon after selection of a jury to try the issues in the first case, which suit was withdrawn and the subsequent suit filed, followed by the later decree hereinabove referred to, which embodied the terms of said agreement; that there was no showing or allegation contained in said petition that said Janet G. Williams has not provided for the proper care, support and maintenance of said children and furnished them a suitable home, and that there is no justification under the provisions of said decree for a petition requiring defendant to make an accounting in these proceedings. Further recitals are made as to ample financial means, income and property holdings of the plaintiff and the entry of said consent decree as to the allowance to be made as therein provided for and that in consideration thereof, defendant waived valuable property rights in connection therewith; that said monthly payments and moneys provided for was to be paid to her and expended according to her discretion for the best interests of said children while remaining in her control and custody and was not to be disbursed by use of vouchers or other fixed method of expenditure and that "Consequently said Janet G. Williams is under no obligation to and not in position to submit vouchers covering her expenditures in that regard."

In support of appellant's contention that an order should be entered requiring the filing of such itemized

account and statement with vouchers in the court, it is insisted that a trust relation existed between the mother and her two small children requiring the expenditure of said funds under the decree for their benefit, and while conceding that no court of review of this State has ever held that such itemized accounting is required in a similar case, contends strenuously that a general rule of law requiring a trustee to keep an account of and file reports showing receipts and expenditures of trust funds is applicable to the facts herein; that such children are wards of the court and it is therefore incumbent upon the court to require such accounting.

It is the defendant's contention, in substance, that no provision therefor is contained in the decree; that no charge of waste, misapplication of the funds or failure to comply in all respects with the express terms of the decree is contained in the petition; that said general rule has no application to the facts or proceedings herein unless a failure to comply with the terms of the decree is charged; that the matter of requiring a report in proceedings of this nature is purely within the sound discretion of the court, which cannot be questioned unless facts are alleged and proven that show an abuse of such discretion; that upon appeal, nothing can be presumed against the proper exercise of such judgment and discretion by the court; that all presumptions are in favor of and not against the proper exercise of such discretion unless and until the contrary is shown to appear.

Certain cases involving trusteeships and reports and accounts by trustees, or of officers or persons standing in the relation of trustees under certain statutes, are cited. We need not analyze the facts and the rulings of the court in these cases for the reason that they have no application to the facts and proceedings arising under the petition herein. Plaintiff has particularly cited and quoted from the case of *Stonehill v. Stone-*

*hill,* 146 Ind. 445, 45 N. E. 600, to the effect that "The person to whom money for support of a child is ordered paid by the Court receives it as a trustee, and can only expend the same for the benefit of the child." That may well be conceded to be true when any diversion or misuse of such funds are charged, but has no application to the facts herein. In that case, a divorce was granted to the appellee, who was given custody of a child and the appellant was ordered to pay $2.50 per week towards its support. It was there held that on failure of the defendant to obey such order as to payments, the plaintiff in the decree was entitled to a rule to show cause why he should not be adjudged guilty of contempt. It was further held that the court, under the statute, necessarily has the right to commit the custody of the children to either party to the exclusion of the other, or to commit them to the custody of others and to modify the decree in regard to the custody of the child and give the same to the appellee or to a stranger or to modify the order in regard to payment for support not only as to amount but to the person to whom it should be paid. Nothing whatever was said there concerning an itemized accounting of funds expended, and the case has no application to the facts or issues herein.

The case of *Hutchinson v. Wood,* 59 Ind. App. 537, 109 N. E. 794, also cited by appellant, was a suit to quiet title to real estate. One of the defendants, a divorcee, had been awarded the sum of $400 payable by the husband to be used toward the support of minor children. The question arose as to whether or not the nonpayment thereof constituted a cloud on the title to his real estate and an accounting became necessary in order to ascertain what balance, if any, remained unpaid under the decree. It was there held that the person to whom money for the support of a child is ordered to be paid by the court receives it as trustee and can only expend it for the benefit of the child. We

have no quarrel with the application of that rule to the facts of that case, which has no bearing upon the contention that it is the general duty of all persons to whom funds are made payable in a divorce decree for the support of a child or children, to make a regular verified accounting and report to the court in relation thereto when no provision therefor is made in the decree.

It is provided in par. 19, ch. 40, of the Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 109.186], that "When a divorce shall be decreed, the Court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. . . . And the Court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

No requirement to make verified itemized reports of payments received and to produce receipts for the expenditure thereof is provided for in either the Illinois statute, *supra,* or in the decree of the court herein, and no different facts are set forth or alleged in the petition as a ground or reason why the same should be required in the instant case than in any other divorce proceeding where money is ordered to be paid by one parent to the other for support of minor children. Counsel has cited no case nor do we know of any precedent for the filing of itemized verified reports accompanied by vouchers in divorce proceedings wherein alimony or support money was provided for in the decree, except in cases wherein it is duly charged or shown that a failure so to do has moved the court, either as a matter of sound discretion or upon proper allegations supported by proof upon a hearing thereof,

that the custodian who received, or the parent who is ordered to pay such alimony or support money, has failed to comply with the terms of the decree. Provision for the nurture and proper training of children of divorced parents by the court, and the exercise of full and continued jurisdiction thereof, is recognized as a matter of sound public policy in this State. *Kelley v. Kelley*, 317 Ill. 104, 110, 147 N. E. 659; *Stafford v. Stafford*, 299 Ill. 438, 132 N. E. 452.

Petitioner's counsel have referred to specific statutory provisions requiring bond with approved securities and verified reports and accounting by executors, administrators, conservators, guardians and certain other persons acting as trustees. These statutory provisions and requirements are not therein nor elsewhere made applicable to the terms and provisions of a divorce proceeding involving parental custody of minor children. Courts of equity, in determining the duties of parents in cases wherein the welfare of children who are wards of the court are concerned, must take into consideration not only the expenditures of money ordered to be paid, but also the enjoyment of parental care, control, education and the moral well-being and happiness of the child, which render its interests and welfare at all times paramount. With this end in view, courts of equity have recognized that the expenditure of such funds entails the exercise of considerable discretion by the parent, and unless it is charged or shown that the parent custodian of the child has failed to comply with the letter or spirit of the decree in relation thereto, the court will not ordinarily interfere.

It is contended by defendant's counsel that the purpose of this proceeding by the appellant, since remarried, is to harass the defendant after she had surrendered valuable personal claims to property or support, under the terms of their agreement and the subsequent decree. With the differences between the

parents, the court is not concerned at this time, except as the same may affect the welfare of the children. As is aptly said in *Kelley v. Kelley, supra,* "Since the children of divorced parents are often exposed to the mutual animosities and jealousies of their parents and the happiness of the children and their usefulness as citizens are thereby endangered, it is the established policy of the law of this State to regard such children as wards of the Court. The nurture and proper training of the children of divorced parents being matters of vital interest to the State as well as to the children themselves, the legislature has provided that the Court granting a divorce shall have full and continuing juris- diction, during the minority of such children, to make from time to time such orders with respect to their care, custody and support as reason and justice shall require." It is not the intention of this court to criti- cise or question the motives or good faith of either parent herein. No modification of the decree nor alleged failure to comply with its terms is set forth or prayed in the petition and it is the opinion of this court that the action of the trial court in denying and dis- missing the same was proper and that the court com- mitted no error therein.

The decretal orders of the circuit court of McLean county will, therefore, be affirmed.

*Affirmed.*

Mr. Justice Hayes dissenting: I dissent from the decision of the court in this case. The opinion filed, in my judgment, overlooks the broad powers granted equity courts in divorce cases, especially where minor children are involved. The legislature of this State has vested continuing jurisdiction in trial courts over the care, custody and maintenance of minor children of divorced parents, Ill. Rev. Stat. 1941, ch. 40, par. 19 [Jones Ill. Stats. Ann. 109.186], and it seems clear to me that this jurisdiction, to be complete, must in-

clude the power to oversee the application of support money for the benefit of such children.

I am not impressed with the argument that the petition here should be denied because the Divorce Act makes no express provision for an accounting and because the decree of divorce is also silent in this respect. The language of the Divorce Act is broad and much detail is left to the courts for adjudication. For example: while the statute permits, it does not compel an award of support money to minor children, yet the courts of this State have wisely held that even after a decree of divorce making no award of maintenance, the father is liable for the support of his minor children, *Panther Creek Mines v. Industrial Commission,* 296 Ill. 565, and that sums spent on behalf of such children by their custodian may be recovered on a subsequent petition in the original divorce proceeding. *Plaster v. Plaster,* 47 Ill. 290. Moreover, although the language of the statute is general, it is the established law of this State that the powerful weapon of contempt proceedings is available for use against any father who wilfully refuses to meet obligations imposed upon him in a decree.

These remedies have been established to insure the care, and nurture of minor children. Similarly, justice would seem to require that such children be protected from the extravagance or dishonesty of their custodian. I do not believe that the majority of this court would deny relief in a case where there was proof that support money paid was being misapplied; but how can such proof be established unless an accounting is made.

These are not contempt proceedings where it is sought to punish respondent for misapplication of funds. In such case, it may well be that charges of dishonesty should be required in the petition and the burden of proof in support thereof placed upon petitioner. Here we are concerned only with the prelim-

inary issue of whether, in fact, the payments of support money are being used for the benefit of petitioner's children. Because it would be difficult or tedious to keep accounts and render a report should be no defense to this petition; guardians and conservators have been similarly burdened by express statutory provisions. If the power exists to compel an accounting, and I believe it does, the difficulties involved are unimportant. Furthermore, the threat or harassment that might exist if the right to this type of relief is granted is no greater than exists because of the power of courts to enforce payment of support money by contempt proceedings.

While it is true that no decision has been found allowing a relief of this type, it is important to note also that no authority denying it has been cited. Moreover petitioner has cited cases from another jurisdiction where the fiduciary relationship between custodians and minor children under their control has been recognized. *Stonehill v. Stonehill,* 146 Ind. 445, 45 N.E. 600; *Hutchison v. Wood,* 59 Ind. App. 537, 109 N.E. 794. I concur with the statements made in these cases and believe further that once it is held that a custodian receives payments of support money as trustee for his wards, the duty to account for it follows as a matter of course.

I therefore believe that the judgment of the circuit court of McLean county should have been reversed and the cause remanded to that court for further proceedings.