ROBERT GRACE *v.* ANNA MAE QUIGG.

[No. 571A99. Filed December 23, 1971.]

*Charles V. Livengood,* of Richmond, for appellant.

*Harris, Knoll & Kolger,* of Richmond, for appellee.

LOWDERMILK, J.—The parties to this action were duly married and had as the fruits of their marriage one child, to-wit John Robert Grace, born December 8, 1950.

Defendant-appellant brought an action in the Wayne Superior Court, Wayne County, Indiana, for divorce and on which a decree of divorce was entered for the defendant-appellant on August 21, 1954. Defendant-appellant was ordered by the court to pay $10.00 per week for the support and maintenance of said child, beginning August 21, 1954.

John Robert Grace, the son, became emancipated on December 8, 1968, and prior thereto he resided with the plaintiff-appellee, who provided for him from the time of the divorce until that date.

From August 21, 1954, to April 1, 1960, defendant-appellant paid for the support, care and upkeep of the child the sum of

$100.00, when, under the order of court, he should have paid to that time $2,920.00, thus leaving a balance he owed as of April 1, 1960, of $2,820.00.

From and after April 1, 1960, to December 8, 1968, under the court's order the defendant-appellant was obligated to pay the sum of $4,510.00 for the care, support and maintenance of said child, but only paid the sum of $4,110.00, leaving a balance due for that period in the amount of $400.00.

Plaintiff-appellee brought the suit at bar on May 28, 1969, praying for a judgment of $3,730.00 against the defendant-appellant for the arrearages in the support payments.

Plaintiff-appellee's complaint is in four rhetorical paragraphs, of which the first alleges the parties were formerly man and wife and the date of the divorce and the second alleges that there was one child, John Robert Grace, born on December 8, 1950, and the defendant was ordered to pay for the support of the child the sum of $10.00 per week, beginning August 21, 1954.

To these two rhetorical paragraphs of complaint the defendant-appellant filed answer, in which he admitted the allegations.

The complaint further alleged, in rhetorical paragraph 3, the payment of $3,680.00 for the support of the child for the period of August 21, 1954, through December, 1968, and further alleged that there should have been paid $7,410.00 to that time.

Rhetorical paragraph 4 alleges plaintiff-appellee is entitled to recover the unpaid portion of the support, in the sum of $3,730.00.

Defendant-appellant denies the allegations of rhetorical paragraphs 3 and 4 of plaintiff's complaint.

Defendant-appellant filed a second paragraph of answer, in which he alleged that he consistently paid support in amounts consistent with the order of the court and in addition

thereto had paid for the benefit of his son's insurance premiums and that the son had been emancipated since 1968.

No reply was filed thereto. However, the plaintiff-appellee filed a motion for summary judgment which is in the words and figures as follows, to-wit:

"The plaintiff, Anna Mae Quigg, moves the Court for a summary judgment in her favor on the prayer of the complaint as filed herein."

In support of the summary judgment, Raymond Knoll, her attorney, made an affidavit that the divorce decree in issue was made on August 21, 1954, and that all facts upon which the plaintiff relied are matters of record in the office of the Clerk of the Wayne Superior Court. The affidavit further stated that no answer was on file in the action and the defendant did not deny any of the material allegations of the plaintiff's complaint and that there was no question of fact in the case and that plaintiff was entitled to recover as a matter of law.

This affidavit was filed on August 27, 1970, and defendant-appellant's answer, as above referred to, was filed on September 11, 1970.

On September 14, 1970, the court entered summary judgment as follows:

"Plaintiff's motion for summary judgment now comes before the Court for hearing. Plaintiff and Defendant are present by counsel. And the Court, having examined the pleadings and the affidavit of plaintiff and by interrogating counsel now finds and orders that the following material facts exist without substantial controversy:

"That plaintiff and defendant were husband and wife and that on August 21, 1954, their marriage was dissolved by an absolute divorce granted in the Wayne Superior Court, Wayne County, Indiana;

"That said decree of divorce granted to the plaintiff the custody of John Robert Grace, born December 8, 1950, and ordered defendant to pay the sum of $10.00 per week for the support of said child beginning August 21, 1954;

"That the defendant did, in fact, make some payments of support as provided in said decree, but has not paid the same in full;

"That the defendant is liable to the plaintiff herein in this action for the difference between the amount he was ordered to pay in said decree of divorce, less those sums of money that he paid and to which he is entitled for credit as payment of child support.

"The Court further finds that the question as to what credits the defendant is entitled to as payments of child support is in good faith controverted, and that the same is the sole remaining issue in this matter, and that the introduction of evidence is necessary to determine the same. "The Court now sets this matter for trial on said remaining issue on October 7, 1970, at 9:00 A.M.

"Entered this 14th day of September, 1970."

Defendant-appellant relies on an agreement and property settlement entered into by and between the parties after the divorce action was commenced back in the year of 1954, in which they agreed, subject to approval of the Judge of the Superior Court of Wayne County, that the custody of the child was to remain with the mother, with reasonable visitation rights to the father. The property settlement agreement further stipulated that "said Robert Dale Grace will pay, so long as he is financially able, the sum of Ten Dollars ($10.00) per week to Anna Mae Grace for the support of said child."

This agreement was entered into evidence over the plaintiff's objection, at which time the court stated, "I don't have the prior record before me as to what went into evidence and whether or not it was part of the decree. I can take judicial notice of that. At the conclusion of this case I will have to get it out there and see it. I will admit this into evidence."

At no place in the briefs or in the transcript is there ever a copy of the court's final divorce decree.

The defendant-appellant made no reply to the summary judgment and the court heard evidence as to damages, such evidence as to damages being limited as set out in the summary

judgment, i.e., the amount of credits to which the defendant was entitled.

There is ample evidence to support the court's judgment, which, in pertinent parts, is as follows:

"This matter having been heretofore heard by the Court without the intervention of a jury, now comes before the Court for finding and judgment.

"And the Court having heard the evidence and the argument of counsel and being duly advised now finds for the plaintiff on her complaint;

"That the plaintiff and defendant were husband and wife and are the parents of John Robert Grace, born December 8, 1950;

"That their marriage was dissolved by an absolute divorce granted in this Court on August 21, 1954, which decree awarded the custody of said John Robert Grace to the plaintiff herein, and ordered the defendant herein to pay the sum of $10.00 per week for the support of said child beginning on August 21, 1954.

"That said child became emancipated on December 8, 1968, and that prior thereto he resided with the plaintiff who provided for him from the time of the divorce to that date.

"That from the period of August 21, 1954, to April 1, 1960, defendant was obligated to pay the sum of $2,920.00 for the support of said child, but in fact paid the sum of $100.00, leaving a balance of $2,820.00.

"That from said April 1, 1960, to December 8, 1968, the defendant was obligated to pay the sum of $4,510.00 for the support of said child, but in fact paid the sum of $4,110.00, leaving a balance of $400.00.

"That there is due and owing to the plaintiff from the defendant the sum of $3,220.00.

"IT IS THEREFORE ADJUDGED AND DECREED that the plaintiff have and recover of the defendant the sum of $3,220.00 and the costs of this action.

"Dated this 5th day of January, 1971."

Defendant-appellant timely filed his motion to correct errors, which motion is as follows, to-wit:

"Comes now the defendant in the above entitled cause and moves the Court to correct errors in the proceedings upon the following grounds and for the following reasons:

"1. That the finding of the Court is contrary to law in that the evidence shows that the defendant complied with all rules and regulations of this Court in his actions prior to these proceedings.

"2. That he complied with the rule of the Court at the time of the granting of said divorce and in accordance with an agreement by and between the parties, and if there is any recovery to be had, it should be under the contract between the parties and not by an action of law upon the decree of the Court in the divorce action.

"3. That the finding of the Court is not sustained and supported by sufficient evidence based upon all the necessary elements of the claim or cause of action stated, or the defense as stated by the answer, and is contrary to the evidence because said evidence did not sufficiently support the cause of action, and defendant's motion for a judgment at the conclusion of plaintiff's evidence should have been sustained.

"4. That the damages and judgment of the Court were excessive.

"5. That the motion of defendant at the conclusion of plaintiff's evidence for judgment of defendant was erroneously overruled and should have been sustained and was an error at law."

There was no error alleged as to the granting of the partial summary judgment by the defendant-appellant herein.

In the first allegation of error the defendant-appellant alleges that the finding of the court is contrary to law, and in his brief relies upon the proposition that the wife must show by her evidence the amounts she was required to pay for support of the parties out of her own funds and that such expenditures were required. This court, in the case of *Pavuk* v. *Scheetz* (1940), 108 Ind. App. 494, 29 N. E. 2d 992, did so hold. However, the case of *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 206, 209, 102 N. E. 2d 764, held that:

"We agree with the statement of the Appellate Court of Indiana in *McCormick* v. *Collard* (1937), 105 Ind. App.

92, 95, 10 N. E. 2d 742, that 'Where, as in the instant case, there have accrued unpaid installments of support money the total amount of such installments constitutes a debt, evidenced by the record, owing by the one obligated to pay.' After support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and a petition to modify only operates prospectively. *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192. See also note 94 A. L. R. 332; *Adair* v. *Superior Court* (1934), 44 Ariz. 139, 33 P. 2d 995, 94 A. L. R. 328. Where support money is ordered to be paid to the mother who has custody of a minor child, she becomes a trustee of the funds for the use and benefit of the child. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 447, 45 N. E. 600; *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N. E. 2d 555. The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts for necessities of the child considering the station in life of the parties, and the particular facts and circumstances in the case. *Morris* v. *Morris* (1931), 92 Ind, App. 65, 171 N. E. 386. Until the order is modified the beneficiary of the trust is entitled to the collection of the amounts ordered, and the child's interest in the order cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds. *Pavuk* v. *Scheetz (1940), 108 Ind. App. 494, 29 N. E. 2d 992, insofar as it it is in conflict with this opinion, is overruled."* (Our emphasis.)

"Section 3-1219 Burns' 1946 Replacement provides that 'The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage." But the statutes on divorce make no provisions for attachment to coerce the payments as ordered. The power to attach for contempt of court for violation of the order is an inherent power not dependent upon statutory authority. *Stonehill* v. *Stonehill* (1896), 146 Ind. 445, 45 N. E. 600, *supra.*

\* \* \*

"There is no more reason for equity granting the coercive remedy of imprisonment to compel payment of past due installment of support after a son is a member of the armed forces of the United States than if he had attained his majority, or if prior thereto he had been absolutely emancipated. *Swenson* v. *Swenson* (1950), (Mo. App.), 227 S. W.

2d 103, 106; *Green* v. *Green* (1950), (Mo. App.), 234 S. W. 2d 350. The remedy of attachment is for the benefit of the child and not its trustee under the order. *Brown* v. *Brown* (1933), 205 Ind. 664, 187 N. E. 836. Appellee was not under any contract obligation under the facts in this case to make support payments for the son until he became twenty-one, as was the case in *Carson* v. *Carson* (1950), 120 Ind. App. 1, 89 N.. E. 2d 555, *supra*."

This contention of defendant-appellant, under the holding in *Corbridge* v. *Corbridge, supra,* is untenable.

The second specification of error is "that the appellant has complied with the orders and rulings of the court and under the contract of the appellee." As we have heretofore said, there is nothing in the evidence to indicate that the divorce decree included the contract between the parties that defendant-appellant was only to pay when financially able. Though this is a civil action, the parties in this case are still bound by the original divorce decree. *Corbridge, supra,* and other cases too numerous to cite, indicate that the parent having custody in such a proceeding as this is merely the trustee of the support payments and, therefore, would have no right to contract away the benefits of the trust. Such an agreement as the parties herein have signed would only be binding if it were included and approved by the court in the final decree of the trial court granting the divorce.

Specification three contends that the finding of the court is not sustained by sufficient evidence. The court heard all of the evidence; in the evidence presented the plaintiff-appellee said that she was confused as to the amount of money that the defendant-appellant had paid her. However, the defendant-appellant had testified as to the amount of payments which he had made in compliance with the divorce decree. It was the trial judge's prerogative to determine the facts from the evidence, as it came from the witnesses. He was not bound by plaintiff-appellee's evidence as to the amount of child support paid. The court had the right to, and apparently did, rely on the evidence of the defendant-appellant as to his payments

of support under the order. The trial judge apparently took the testimony before him at face value and gave the defendant-appellant a credit against the total amount not paid and now owed as was ordered by the divorce decree for each payment which the defendant-appellant claimed that he had made.

Each of the parties presented evidence to the court as to the amount of support money paid under the former decree of the court. This evidence was conflicting and was weighed by the judge, as was his duty, before he made and entered his findings and judgment in the case at bar.

There was evidence on which the trial judge could make the finding which he did. Therefore, we are not at liberty to weigh the evidence and shall not do so. The law in Indiana is so well settled on this point that it needs no citation of authority.

We cannot say the court erred in its findings, as charged by defendant-appellant in his third specification of error.

The fourth allegation of error is "that the judgment of the court was excessive." In order to determine that the damages awarded were excessive we would need to find that the award was manifestly excessive and clearly unwarranted in amount. Such is not the case here. The defendant-appellant was given absolutely every credit which he claimed was due him. The award of the amount of support is not so outrageous that it shocks the reader—it is a mere mathematical calculation of what the defendant owed for the support of his son under a court order covering a period of years. The amount of $10.00 weekly support for a small boy cannot be said to be adequate, much less excessive, and the same rule applies to the amount accumulated under the order, with which the father did not comply over a period of years. *Ky. & Ind. Cement Co.* v. *Morgan* (1901), 28 Ind. App. 89, 62 N. E. 68.

In specification five the defendant-appellant alleges that the appellee was guilty of laches and did not properly bring her action under the law and that her action was too late from

the standpoint of time and that it would be inequitable to enforce her claim. We would point out that the plaintiff-appellee herein commenced this action in less than a year from the time the last payment was due under the order. We would further point out that this case is not one in equity, but is rather, a civil case; and therefore, under the court's ruling in *Corbridge* v. *Corbridge, supra,* the mother, plaintiff-appellee, as trustee of the trust, is entitled to the collection of the amounts ordered paid up to the time of the emancipation of the son for the son's benefit.

The defendant-appellant introduced into evidence, as shown by the transcript, a property settlement and child custody and support agreement, subject to the approval of the trial court, if a divorce should be granted; it bore the file mark of the Recorder of Wayne County, Indiana, as having been recorded but there is no record of such ever having been approved and ordered by the trial judge. Neither does the record show the tentative agreement of the parties to the divorce action spread of record on the Civil Order Book of the Clerk of the Wayne Superior Court of Wayne County, Indiana, and made a part of the record.

In *Carson* v. *Carson, supra,* the parties entered into a contract in the nature of a separation agreement and for custody and support of minor children. The agreement was incorporated and made a part of the court's decree of divorce.

A part of this agreement provided that the husband and father was to pay $5.00 per week for the support of each child, said payments to cease and terminate upon the said children attaining the age of 21 years; said payments to cease in the event either of the said children should die before attaining the age of 21 years, and that the payment for the child so dying would terminate on the child's death, and payments would cease to be made for the support of the children in the event of the wife's death.

This separation and custody agreement was entered into by and between the parties on November 28, 1936. The suit

between the same parties was, of course, filed subsequent to the granting of the divorce and the wife, appellee, alleged in her complaint that the contract provided for payments of $5.00 per week for each child until he became 21 years of age and the appellant failed to make $500.00 of said payments. The husband-appellant's answer, among other things, alleged that he had paid the appellee the amount of $5.00 per week for the use and benefit of one of the minor children from the time of the divorce until February 15, 1943, when said child, Gordon Carson, entered the Armed Forces and that said child, while still in the Armed Forces reached the age of 21 years and that during the time Gordon Carson was in the Armed Forces the wife-appellee did not lay out and expend the amount of $5.00 per week for his support and that she had been paid in full under said contract.

The court entered a decree in favor of the wife-appellee and the appeal followed. The court held that the son's entering the Armed Forces was not an emancipation of the son to release the father from the performance of his contractual obligation. The court further held that:

"* * * 'Emancipation' does not operate to release a parent from liabilities and obligations involving his child which he has expressly covenanted to perform. * * * The entering of the child into the Armed Services does not constitute a voluntary surrender of control on the part of the parent. *Harwood* v. *Harwood* (1944), 49 N. Y. S. 2d 727, 182 Misc. 130."

The court held that the award and judgment of $5.00 per week until the son was 21 years of age did not mean that the former wife and mother would be entitled to retain for her own use and benefit the full sum specified in the contract to the exclusion of her son, the other beneficiary; but the fact that she would have no right to the sole use and benefit of the full installments does not impair her right to collect the entire amount.

The court further held:

"* * * With respect to any benefits intended for the boy, her position would be that of a trustee charged with the duty both legal and moral to effect collection so as to make available to the boy the benefits intended for him. [citing cases]"

" 'An agreement of the parties as to the custody of their children made previous to a decree for divorce will not necessarily control the decision of the court, at least when a change of conditions arises. * * * Where such an agreement is conducive to the general welfare of the children, it may be incorporated into the decree and enforced, but the court's power subsequently to modify the decree as to the custody of the children is not thereby abridged. * * *' "

The court, in further discussing the modification of support payments and the decree approving the contract entered into by the parties, said:

"The appellant never made application to the court during the time his son was in the Armed Services to have any modification of the support payments, and the decree approving the contract in question was never modified and the contract was not merged in the decree for divorce. The appellee had a right to recover under said contract. [Citing cases.]" See, *Buchanan* v. *Buchanan* (1971), 256 Ind. 119, 267 N. E. 2d 155.

It is our opinion that any tentative agreement as to support and custody of children made by and between the parties to a prior divorce action under such circumstances as the case at bar does not afford any relief to the defendant-appellant herein for failure to make weekly support payments for the support of his minor son as ordered by the court. The defendant-appellant claimed he was out of work for six years, his only excuse being that he worked in a factory that only worked three months of the year, and he also did odd jobs. The separation and custody and support agreement is not pertinent to the issue of support for the reason that such agreement was not made a part of the court's final decree in awarding the divorce, settling the property rights between the parties, making the award of custody, and the support payments for the minor children of the parties.

Finding no reversible error the judgment of the trial court is hereby affirmed.

Sullivan, P. J., Buchanan and Robertson, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 594.