Michelle K. GERBER, Appellant
(Petitioner Below),

v.

Gary L. GERBER, Appellee
(Respondent Below).

No. 4–884A230.

Court of Appeals of Indiana,
Fourth District.

April 17, 1985.

Wendell L. Ham, Jr., Bluffton, for appellant.

Ned R. Carnall, Bluffton, for appellee.

CONOVER, Judge.

Appellant Michelle Gerber (Michelle) petitioned the Wells Circuit Court to modify the custody order and child support decree which dissolved her marriage to appellee Gary Gerber (Gary). The court denied her petition. She appeals.

Affirmed.

ISSUES

Michelle presents three issues which, restated, are

1. Did the trial court abuse its discretion when it denied the petition to modify custody?

2. Did the trial court abuse its discretion when it denied the petition to modify the child support award?

3. Did Michelle receive a fair and impartial hearing on her petition to modify?

FACTS

Michelle's and Gary's marriage was dissolved on February 27, 1984. The court awarded custody of their two children to Gary, and ordered Michelle to pay child support of $40 per week. On May 21, 1984, Michelle filed a petition to modify the custody and child support decree.

The court held a hearing on July 10, then denied Michelle's petition. Other pertinent facts appear below.

DISCUSSION AND DECISION

I. *Modification of Custody*

Michelle first contends the court erred because it used the wrong standard of proof in determining whether to modify the custody order. The court determined there were no changes so substantial and continuing as to make the prior order unreasonable. Michelle argues the "substantial change in circumstances" test under IND. CODE 31-1-11.5-17 is applicable only where modification of maintenance, support, and property distribution are sought, but not where the petitioner seeks only modification of a custody order. She urges the best interests of the child should be used as the sole guide in such proceedings.

Michelle fails to consider the requirements of IC 31-1-11.5-22(d) and previous holdings of this court, however. IC 31-1-11.5-22(d) states:

The court in determining said child custody, shall make a modification thereof only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. In making its determination, the court shall not hear evidence on matters occurring prior to the last custody proceeding between the parties unless such matters relate to a change of circumstances.

Further, as we have previously held, a modification of custody is warranted only when the moving party shows a decisive change in conditions in the custodial home, or a change in the treatment of the children in the custodial home which necessitates removal. *Brown v. Brown* (1984), Ind. App., 463 N.E.2d 310, 313; *Pribush v. Roy* (1983), Ind.App., 456 N.E.2d 747, 749. A modification should be ordered only if such order is necessary for the welfare of the children. *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, 888; *Pribush*, 456 N.E.2d at 749; *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172, 1175.

Michelle here presents no instances of change in circumstances. The argument she presents is appropriate to an appeal from an original custody order. However, it is irrelevant in an appeal from the denial of a petition to modify. Absent a showing of substantial change of circumstances, we must affirm the trial court. *See, Moutaw v. Moutaw* (1981), Ind.App., 420 N.E.2d 1294, 1296.

II. *Modification of Child Support*

Michelle next contends her financial circumstances so changed, the trial court abused its discretion by failing to modify the child support award. She argues while at the time of the original hearing, she was employed outside the home and the support order was within her means, at the time of the modification hearing, she was unem-

ployed. Thus, modification should have been granted, she opines. We disagree.

The trial court may modify a support order only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1286; IC 31-1-11.5-17. We will review the court's decision only for an abuse of discretion. Only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it will we reverse. *Holman,* 472 N.E.2d at 1286; *Estate of Brummett v. Brummett* (1984), Ind.App., 472 N.E.2d 616, 617.

The facts here show Michelle remained employed until two weeks before the hearing at which time *she voluntarily terminated her employment.* It was reasonable for the trial judge to determine Michelle's unemployment was not of such permanence or continuing nature as to make the support order unreasonable. Furthermore, Michelle quit her job voluntarily, as a matter of personal choice because she preferred to stay at home as a housewife.

Michelle testified the decision was made by her and her new husband because he made sufficient income to support themselves, they both preferred she slow the pace down in their lives. A non-custodial parent under a support order cannot voluntarily terminate her employment and then, less than two weeks later, complain to the court the order must be modified because payment is no longer within her means. To allow Michelle to do so would open the door for every non-custodial parent to do likewise in order to avoid payment of their legal and moral obligations to support their children. Michelle cites no authority which would support her position, and public policy would preclude such a potentially disastrous holding.

The trial court did not abuse its discretion in denying a modification of the support order.

### III. *Fair and Impartial Hearing*

Michelle finally contends the judge was biased against her, thus she was denied a fair trial. Her argument, however, consists of a vague allegation as to the time span of the original divorce action (which is not germane to this appeal of a denial of a modification petition), and her dissatisfaction with the rulings on her petition. She cites no instances in the record of the judge's alleged bias, cites no authority whatsoever, and fails to make cogent argument supporting her position. Our rules of appellate procedure clearly require more than was presented here. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) provides

> The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the records relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

Therefore, this issue is waived for failure to make a cogent argument. *Sandlin v. State* (1984), Ind., 461 N.E.2d 1116, 1118; *Joy v. State* (1984), Ind.App., 460 N.E.2d 551, 564; A.R. 8.3(A)(7).

Affirmed.

MILLER, P.J., and YOUNG, J., concur.