**Dolores Mae BREWER (Kern), Appellant,**

v.

**Thomas Lee BREWER, Appellee.**

**No. 49A02–8603–CV–108.**

Court of Appeals of Indiana, Second District.

April 23, 1987.

Rehearing Denied May 21, 1987.

David L. Byers, Indianapolis, for appellant.

Duge Butler, Jr., Butler, Brown & Blythe, Indianapolis, for appellee.

SULLIVAN, Judge.

Dolores Brewer Kern appeals from a judgment in a contempt proceeding against her former husband, Thomas Brewer.

We reverse and remand.

Kern and Brewer were divorced in April, 1973. In the settlement incorporated into the court's judgment, Brewer agreed to pay Kern $250 per month per child in support. Brewer and Kern had three children. Brewer became delinquent in paying support in August, 1979. In April, 1983, Brewer and Kern reached an agreement about the delinquency. Brewer was to pay an extra $500 every six months until he had paid $2,000 toward the delinquency; Brewer was to give a promissory note for $5,000, payable in July, 1985; and Kern agreed to accept reduced support payments of $200 per month. At the time of the hearing in October, 1985, the note remained unpaid.

Kern testified that the support arrearage was approximately $33,000. Apparently this figure represented six years' delinquency (at $500 per month for the two children in her custody), less $3,200 which had been paid in the previous two-and-one-half years. Brewer testified that he and Kern had agreed on reduced support and that, based on the agreement, the total delinquency was only $7,800, including the note.

Immediately following the hearing, the court entered judgment which reads, in pertinent part: "... Court finds and orders that support arrearage *per agreement of the parties* is $7800.00 which amount is ordered paid tomorrow [October 22, 1985] effective thru 9–30–85. Support versus

Plaintiff is $200.00 a month for two children total *retroactive to 4-29-83....*" Record at 36. (Emphasis supplied.)[1]

Kern argues that the trial court erred when it recognized the agreement of the parties which purported to reduce the support obligation. Kern points to the general rule governing such situations: "[A]n out-of-court verbal agreement is not enforceable unless it is first approved by the trial court or merged into a court order." *Pickett v. Pickett* (1984) 4th Dist. Ind.App., 470 N.E.2d 751, 754; *see also Reffeitt v. Reffeitt* (1981) 3d Dist. Ind.App., 419 N.E.2d 999, *reh. denied* 423 N.E.2d 673; *Haycraft v. Haycraft* (1978) 1st Dist., 176 Ind.App. 211, 375 N.E.2d 252; *Grace v. Quigg* (1971) 150 Ind.App. 371, 276 N.E.2d 594.

■ Brewer argues that the preceding rule was designed for situations in which the agreement's existence is the crux of the dispute, and when only oral evidence supports the claimed agreement. He argues that both parties here testified to the agreement, and the promissory note is documentary evidence supporting the agreement's existence, both of which justify a different result. We disagree.

The underpinnings of the concept are not evidentiary. Rather, the refusal to enforce out-of-court support agreements is based upon the parties' positions, most particularly the supporting and custodial parents *vis-a-vis* the child.

As stated in *Corbridge v. Corbridge* (1952) 230 Ind. 201, 206, 102 N.E.2d 764, 766:

"Where support money is ordered to be paid to the mother who has custody of a minor child, she becomes a trustee of the funds for the use and benefit of the child. The husband becomes a debtor to the mother trustee as the installments accrue, and the father cannot reduce or avoid his civil liability for the accrued debt by showing the trustee has expended for the benefit of the child amounts less than ordered."

The extension of this principle to the rule governing out-of-court support agreements was made clear in *Grace v. Quigg, supra,* 150 Ind.App. at 379, 276 N.E.2d at 599:

"*Corbridge* ... indicate[s] that the parent having custody in such a proceeding as this is merely the trustee of the support payments and, therefore, would have no right to contract away the benefits of the trust. Such an agreement as the parties herein have signed would only be binding if it were included and approved by the court in its [order]." *Grace v. Quigg, supra,* 150 Ind.App. at 379, 276 N.E.2d at 599.

Clearly the child's needs, rather than an evidentiary concern, compels the principle that out-of-court support agreements must be judicially recognized, or incorporated into an order, in order to be enforceable. Although parties to disputes or complications concerning continuation of support as ordered may be commended for attempts to reach an amicable and appropriate resolution without unnecessary resort to the judicial process, the failure of the parties here to seek judicial approval of their agreement requires that we reverse the 1985 modification order.[2]

■ Kern also contends that the court erred when it retroactively modified the support order to a date before the filing of the contempt petition. The contempt petition was filed on March 29, 1985. The court's judgment modified the support obli-

1. The court's reference to the "Plaintiff" in its judgment was a reference to Thomas Brewer, who had been named as the contempt action respondent. In the 1973 action for divorce, Brewer was the plaintiff. (R-8) Moreover, at the time of the contempt hearing, Brewer had custody of no children. *See* Indiana Rules of Procedure, Appellate Rule 15(E) (formal defect not grounds for reversal).

2. For the same reasons, we decline Brewer's invitation to extend the non-conforming payments analysis of *Castro v. Castro* (1982) 3d Dist. Ind.App., 436 N.E.2d 366, and *Payson v. Payson* (1982) 4th Dist. Ind.App., 442 N.E.2d 1123 to this case. The *Payson* formulation states that non-conforming payments will be recognized only when there was *substantial compliance* with the original decree's terms. Here, the agreement sought by its own terms to modify, rather than comply with, the original decree.

gation as of April 29, 1983, a date nearly two years prior to the petition.

In this respect also, the applicable principle is clear. The court has some discretion to modify support retroactively, but may only modify as far back as the date the petition is filed. *Halum v. Halum* (1986) 3d Dist. Ind.App., 492 N.E.2d 30; *In re Marriage of Wiley* (1983) 2d Dist. Ind.App., 444 N.E.2d 315, 319. Brewer contends that the trial court's modification as of April 29, 1983, is not in fact an improper retroactive modification, but rather merely an order which accounts for the parties' agreement. Having held the agreement an improper basis upon which to modify the original order, we cannot escape the conclusion that the retroactive modification was error as well.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

SHIELDS, P.J., and ROBERTSON, J., concur.