**Milton R. GRISWOLD, Appellant (Respondent Below),**

v.

**Janet J. (Griswold) SAVAGE, Appellee (Petitioner Below).**

No. 82A01–9012–CV–00509.

Court of Appeals of Indiana, First District.

April 10, 1991.

Edward W. Johnson, Johnson, Carroll and Griffith, Evansville, for appellant.

Janet (Griswold) Savage, pro se.

ROBERTSON, Judge.

Milton R. Griswold (Griswold) appeals from a portion of the trial court's judgment in favor of Janet Savage (Savage), his former wife, with regard to modification of child support for their son. We affirm.

After Griswold had fallen behind numerous times in his child support payments, Griswold's mother died and left him as her only heir. Savage subsequently petitioned the trial court for modification of the $30.00 per week child support order which had remained effective for thirteen years, and for a requirement that Griswold place security for the payment of future child support and college expenses with a financial institution from a distribution from his mother's estate. Griswold paid his child support arrearages from the estate funds but asked the trial court not to require him to deposit a lump sum for future support, college expenses, and medical expenses in an account. On July 5, 1990, the trial court entered its judgment, in relevant part:

> IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Husband's weekly child support obligation shall be in the sum of Seventy-five Dollars ($75) per week effective February 9, 1990.

\* \* \* \* \* \*

> IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Husband shall remit the sum of Thirty-seven Thousand Five Hundred Dollars ($37,500) which sum shall be placed in an interest-bearing type of escrow/security savings accounts in accordance with I.C. 31–1–11.5. Said funds on deposit shall represent weekly child support in the sum of Seventy-five Dollars ($75) per week for a period of five (5) years, together with one-half (½) of college tuition in the sum of Four Thousand Five Hundred Dollars ($4,500) for a period of four (4) years.

The parties subsequently requested that the trial court clarify its order, so the court issued the following on September 7, 1990:

> IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED, by the court that any funds withdrawn from the account heretofore established for payment of college tuition, room, board, books and fees shall be made payable to the institution.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that any funds withdrawn for reimbursement of unpaid medical bills, Wife shall notify counsel for Husband ten (10) days in advance of the withdrawal with copies of documents supporting said withdrawal.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Husband, or his counsel, shall have the right to examine the records of said account, but not to make withdrawals therefrom. The Wife shall execute any and all documents necessary to permit said inspection that may be required by the Bank.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Order made herein is meant to be full and final obligation of the Husband's support obligations, including direct support, educational expenses and medical expenses.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that in the event the parties' minor child does not go to college, or becomes emancipated prior to age 21, and as a result not all of the funds are utilized, all remaining sums attributable to the child not going to college or becoming emancipated prior to age 21, shall be returned to the Husband, less any accrued interest which shall become the Wife's.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that interest generated by the funds on deposit shall be applied as follows:

(A) First, to State and Federal income taxes on the interest accrued on the funds;

(B) Second, to uninsured medical, hospital, dental and pharmaceutical expenses; and,

(C) Third, annual child support increases.

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Wife shall be permitted to withdraw any balance of annual interest less State and Federal income taxes, uninsured medical, hospital, dental and pharmaceutical expenses, and annual child support increases on the anniversary date of the deposit of said monies in said savings accounts.

## DECISION

■ We review a trial court's decision to modify child support only for an abuse of discretion. Only when the decision is clearly against the logic and effect of facts and circumstances before the trial court will it be reversed. *Gerber v. Gerber* (1985), Ind. App., 476 N.E.2d 531.

■ We note that when the child support of seventy-five dollars per week is multiplied by fifty-two weeks per year and by five years, and then this amount is added to the $4,500.00 per year for four years of college expenses, the total equals $37,-500.00, the amount the trial court required Griswold to deposit in the account. We take note of this because it shows the trial court simply added the required payments together to calculate a lump sum for deposit and did not discount the payments over time to establish a net present value sum. The trial court might have chosen to operate this way due to the uncertainty of the interest rate the account might receive over the next five years or because the income from the account was to be used for income taxes on the interest, for subsequent increases in child support, and for uninsured medical expenses. The way the trial court structured the deposit, the child support and college expense monies will almost assuredly be in the account when the obligations accrue even if the account bears little or no interest.

Indiana Code Section 31-1-11.5-14 unequivocally authorizes trial courts to order that child support be paid into a trust. *Stutz v. Stutz* (1990), Ind., 556 N.E.2d 1346, 1352. Griswold does not contend the actions of the trial court were improper except where they allowed Savage to withdraw excess income from the account. Griswold claims the support order in this case is a self-adjusting support order sim-

ilar to the self-adjusting order proscribed in *Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278.

In *Hunter*, the court found four defects in a child support order which was to escalate based solely on the income of the noncustodial parent. First, the order did not give due regard to the actual needs of the child. Second, the order did not consider the non-custodial parent's financial means in relation to the other three factors required under IND.CODE 31–1–11.5–12(a): the financial resources of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered, and the physical or mental condition of the child and the child's educational needs. Third, the order produced an amount of support that was speculative and changing. Fourth, the order might have caused administrative or enforcement problems or encouraged animosity and additional litigation by the parties because they did not request or agree to the order fashioned by the trial court. We find none of these factors mandates reversal of this case.

The order in this case gave due regard for the actual needs of the child. Based upon the structure of the order, the trial court set basic child support in the amount of $75.00 per week and required Griswold to deposit both that amount for each week the order was to be in effect and $4,500.00 for each of four years the child would be in college. Instead of setting child support at a higher level for medical expenses and ordering Griswold to deposit that additional amount in the account, the trial court ordered that the income generated from the principal in the account be used for uninsured medical expenses. The trial court safeguarded Griswold's interests when it allowed him notice of medical expense reimbursement and allowed him to examine the records of the account whenever he wished. The order also considered not only Griswold's financial means but also the Savage's financial resources, the child's customary standard of living, the physical condition of the child, and the child's educational needs. Savage had recently been

in an automobile accident and generated no income. The child played in the high school band, owned a car for which he paid the expenses, and planned to attend college. We conclude the trial court gave due regard to the actual needs of the child.

In addition, the order does not produce an amount of support which is speculative or which unduly changes. The trial judge set basic child support at $75.00 per week, and Griswold deposited that amount for each week the support is to continue. The child and Savage are both assured of regular and minimally adequate support payments, and the child's needs are met consistently from week to week. Likewise, the $4,500.00 ordered for college expenses is fixed by the order. Any income accrued by the funds is to be used to pay medical expenses in support of the child even though Savage is the party who may withdraw it. This would also be the situation, however, if the funds were paid to Savage each week and she subsequently deposited each payment in an interest bearing personal account. Savage is the trustee of the funds to be used for the benefit of the child until he is emancipated or reaches 21 years of age. The money she withdraws each year above the $75.00 for basic weekly child support, the $4,500.00 for yearly college expenses, and the amounts needed for uninsured medical expenses are for the benefit of the child and are not a windfall to Savage. *See Grace v. Quigg* (1971), 150 Ind.App. 371, 276 N.E.2d 594. Although the trial court fashioned its judgment to state that its order was meant to be full and final support obligation, including direct support, educational expenses, and medical expenses, we note that, although the structure used by the trial court in this case may in fact achieve that purpose, either party may petition the trial court for modification if it does not. *See* I.C. 31–1–11.5–17.

Further we do not conclude the order might cause administrative or enforcement problems. The monies have already been paid into the designated account and have no doubt begun to generate income. In its order, the trial court allowed Griswold no-

tice of medical reimbursements and inspection of account records. Payments for college are to be made directly to the institution. The mechanisms employed by the trial court have adequately insured that the total child support obligation will be available to the child on a timely basis and will be used for appropriate support obligations. Moreover, we do not believe the structure used by the trial court will encourage animosity and additional litigation between the parties. Savage petitioned the trial court to establish some sort of account into which Griswold would pay a lump sum for the total support obligation so the money will be there even if Griswold is not. Griswold does not claim the trial court lacked the authority to structure the child support as it did but only contends the trial court improperly allowed Savage to withdraw income over and above that used for State and Federal taxes, uninsured medical expenses, and annual child support increases. We have decided that issue against Griswold and consider the matter now closed. Any further problems with respect to the account may be addressed to the trial court under its authority to modify the child support provisions.

In conclusion, we do not find the decision of the trial court to be clearly against the logic and effect of the facts and circumstances presented. In fact, it appears the trial judge has attempted to find a progressive solution to an ancient problem. We find no abuse of discretion here.

Judgment affirmed.

RATLIFF, C.J., concurs.

HOFFMAN, P.J., dissents with separate opinion.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent to the majority opinion which affirms the trial court's order allowing the wife to withdraw any balance of the annual interest, less State and Federal income taxes, uninsured medical, hospital, dental and pharmaceutical expenses, and annual child support increases. I do not believe the wife is entitled to the uncertain amount of interest which the ac-

count may accrue after the above obligations have been deducted.

The majority's decision contradicts the holding of *Hunter v. Hunter* (1986), Ind. App., 498 N.E.2d 1278. In *Hunter,* the Court found four defects in the escalating child support order:

"1) it does not give due regard to the actual needs of the child;

2) it does not consider the non-custodial parent's financial means in relation to the other three factors required to be considered under our statute;

3) it produces an amount of support that is speculative and changing; and

4) it may cause administrative and enforcement problems or encourage animosity and additional litigation by the parties because they did not request or agree to the order fashioned by the trial court."

*Id.* at 1288.

The trial court's order in this case allowing the wife to withdraw whatever annual interest remains in the account after the mandatory obligations have been satisfied clearly has two of the same defects as the trial court's order in *Hunter.* Namely, the order is not based on the actual needs of the child and it produces an amount of support that is speculative and changing.

The trial court specifically set an award of $75.00 per week as adequate child support for the minor child. This award was based on the needs of the child. Thereafter, the trial court in requiring the father to place $37,500.00 in an interest-bearing account was assuring that the weekly support obligation could be met as well as any future educational needs and medical expenses. However, to allow the wife to take whatever excess income the account produces in interest after these expenses as well as the taxes, uninsured medical, hospital dental and pharmaceutical expenses, and the annual child support increases have been met, results in a windfall to the wife. This excess annual interest is not based on any actual need of the child since the child's needs have already been met. The amount of interest is also speculative and

changing since the amount of interest may vary year to year.

The trial court's order directly contradicts the holding in *Hunter*. The wife is not entitled to the excess annual interest income in the account. The trial court should either permit the father to withdraw this interest on the anniversary date of the deposit, as the wife was entitled to do per the court's order, or the court could order the interest to remain and accrue in the account until the child is emancipated, at which time the father would be owed the interest income.