**Richard Lee KING, Appellant–Petitioner,**

v.

**Stephanie Sue KING, Appellee–
Respondent.**

No. 02A03–9209–CV–302.

Court of Appeals of Indiana,
Third District.

May 26, 1993.

James M. More, Bloom, Bloom, More &
Miller, Fort Wayne, for appellant-petition-
er.

Pamela Carter, Atty. Gen., Wendy Stone
Messer, Deputy Atty. Gen., Indianapolis,
for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Richard Lee King
appeals from the denial of his petition to

modify child support following a marriage dissolution decree.

Richard and Stephanie King had their marriage dissolved by decree of the Noble Superior Court on January 9, 1987. The case was subsequently transferred to the Allen Superior Court for further proceedings. At the time of the dissolution, Stephanie was granted custody of the parties' four children,[1] and Richard was ordered to pay support in the amount of $200.00 per week. Richard was then working in Churubusco, Indiana for the Dana Corporation; his wages were $18.50 per hour. Subsequently, Richard transferred to the Dana Spicer Axle Plant in Fort Wayne where he worked until the end of September 1989.

In late 1989, Richard moved to Hawaii where he took a labor job doing carpentry work. Thereafter, Richard secured a job at Oskins Electric; his hourly wage was $15.90. Richard remained at Oskins Electric until he sustained a work related injury on February 5, 1990. Following the injury, Richard worked at the Hyatt Regency Resort for approximately five months at a rate of pay of $7.50 per hour. In August 1991, Richard left the position at Hyatt and started his own business, "Dick's Pool Service." Since that time, Richard has been continuously involved in the business.

On January 28, 1992, Richard filed his petition to modify support. Richard's petition to modify the existing support order was set for hearing and denied on June 3, 1992. Richard now appeals raising one issue for review: whether the trial court erred in denying his petition to modify the child support order.

■ Richard contends that the trial court abused its discretion in denying his petition for modification of child support. He alleges certain factual errors and claims that the trial court failed to properly consider the totality of the circumstances. A trial court may modify a support order only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. *Gerber v. Gerber* (1985), Ind.App., 476 N.E.2d 531, 533; IND.

CODE § 31–1–11.5–17(a). Indiana Child Support Guideline 4 provides that: "[t]he provisions of a child support order may be modified only if there is a substantial and continuing change of circumstances." On appeal, we review the trial court's decision only for an abuse of discretion. *Gerber*, 476 N.E.2d at 533. However, when the trial court's decision is clearly against the logic and effect of the facts and circumstances, it will be reversed. *Id.*

■ More specifically, Richard argues that the trial court erroneously found he had voluntarily terminated his employment at Dana and was unable to find comparable employment since relocation to Hawaii. Richard's termination from his position at Dana in order to move to Hawaii was, in fact, voluntary. However, contrary to the trial court's findings, Richard did ultimately obtain comparable employment in Hawaii at Oskins Electrical at a rate of pay of $15.90 per hour straight time and $23.85 per hour overtime. The trial court also failed to consider that Richard terminated his employment at Oskins because of an on-the-job injury which occurred February 5, 1990. Subsequently, Richard worked at the Hyatt Regency Resort for $7.50 per hour. In August of 1991, Richard left Hyatt to start his own pool cleaning and maintenance business. Richard testified that he now earns approximately $1500.00 per month or $8.64 per hour, based on a forty-hour work week.

■ The findings of the trial court regarding the voluntariness of Richard's unemployment do not properly address the central issue in his petition to modify support, that is, the effect of Richard's injury on his ability to maintain his current support obligation. There is evidence in the record from which the trial court could infer that Richard's pool business has the potential to do more business. Richard's own testimony is that the pool cleaning and service business in Hawaii is highly competitive; however, he has done little to market his business. Richard did not have any flyers advertising his business nor has

---

1. One of the four children is now emancipated.

he purchased advertising in newspapers or real estate magazines. The telephone number for the business was a residential number, and the answering machine did not identify to a caller that it had reached the business. Richard also testified that he planned to expand the business and thought that he would be making more than $12.00 per hour in the future.

Moreover, Richard has a two-year associates degree in industrial supervision. The only evidence that Richard's injury prevented him from returning to the same or similar work as he had done at Dana or Oskins was his own self-serving testimony. Richard did not submit any other medical evidence or testimony. On the other hand, Richard's pool cleaning and maintenance business presumably requires some degree of physical exertion. There is also evidence that since moving to Hawaii, Richard has inherited $60,000.00 and received a worker's compensation settlement, from his injury, in the amount of $26,000.00. Whether income, if any, from this money should be imputed to Richard is also a question which we leave to the trial court which had the opportunity to hear the witnesses and judge their credibility.

■ As pointed out by Richard, the trial court's order also erroneously states that Stephanie's income equals $588.00 per week; whereas, the amount is a biweekly figure. Further, Richard is correct in his contention, that any finding by the trial court that he failed to consult Stephanie before relocating to Hawaii is irrelevant and should not have been considered by the court. It is only the custodial parents that have an obligation to provide notice of their intent to change residence. *See* IND. CODE § 31-1-11.5-21.1.

■ Richard also argues that the court erred in failing to modify his responsibility for medical expenses for the dependent children. He contends that because six percent of the presumptive guideline amount is allocated for health care expenses, the trial court abused its discretion in not modifying the order so that he is not paying virtually all of the children's health care expenses. *See* Ind.Child Support Guidelines Rule 3, commentary.

The original decree of dissolution orders Richard to pay major medical, dental, hospital, optometric, and prescriptive drug expenses incurred for and on behalf of the unemancipated children where the single expense cost $25.00 or more. It has been held that it is an abuse of discretion to order the payment of all medical expenses in addition to the presumptive support amount under the guidelines. *Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 170. However, this is not an inflexible rule and whether a trial court abuses its discretion depends on the facts and circumstance of the particular case. *Id.* On remand, the trial court should consider the issue of whether Richard's support order reflects or should be modified to reflect the fact that under the guidelines six percent of the child support amount is allocated for medical expenses. *See* Ind.Child Support Rule 2 (if court determines amount of award reached through application of guidelines is inappropriate the court shall enter written findings articulating the circumstances supporting the conclusion). The trial court's judgment denying Richard's petition for modification is reversed and remanded for further proceedings to determine whether a substantial and continuing change in circumstances exist such that the current support order is unreasonable.

Reversed and remanded.

GARRARD and FRIEDLANDER, JJ., concur.