## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 10 2015, 6:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Moussa Dahab
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Jody Dietsch, Esq.
Dietsch Law, LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Moussa Dahab,

*Appellant-Respondent,*

v.

Massadjitte Abdelkerim,

*Appellee-Petitioner.*

April 10, 2015

Court of Appeals Case No.
02A03-1408-DR-282

Appeal from the Allen Superior Court; The Honorable Charles F. Pratt, Judge;
02D07-1002-DR-103

**May, Judge.**

[1] Moussa Dahab ("Father") appeals the denial of his motion for a change of custody.

[2] We affirm.

## Facts and Procedural History

[3] Father and Massadjitte Abdelkerim ("Mother") were married on June 5, 1988. Three children were born of the marriage: Ib.D., R.D., and Is.D. On July 27, 2012, the parties were divorced. Father was granted sole legal and physical custody of Ib.D., and Mother was granted sole legal and physical custody of the other two children.

[4] After the divorce, Father moved to Philadelphia with Ib.D., while Mother and the other children stayed in Indiana. Mother had a subsequent child, who has a different father than her other children.

[5] Father filed for modification of custody of Is.D. and R.D. The trial court denied the request for modification and issued Findings and Conclusions Regarding Custody and Parenting Time stating:

> 7. The [Father] also asserts that the [sic] neither child is doing well academically and behaviorally.
>
> 8. In support of his contentions with regard to behavior and academic concerns, [Father] submitted his Exhibits (A) and (B). [Father]'s Exhibit (A) is a student history report for [Is.D.] for school years 2007-08 through 2011-12. [Father's] Exhibit (B) is a student history report [for] [R.D.] for academic years 2008-09 through 2011-12.

9.     The Court may only consider evidence with regard to circumstances since the last custody order (I.C. 31-17-2-21). Accordingly, the court will only consider academic year 2011-12 and the current reports.

10.     While in third grade (2011-12) the school records reflect that [R.D.] had school infractions for violating bus rules, petty theft, failure to comply with instructions and false information (See Respondent's Exhibit B).  In contrast, [Mother]'s Exhibit (5), a Student Achievement Report for school year 2013-14, reflects marked improvement in the category of "Social/Behavior Development".  She received high marks in each subcategory.  Except for mathematics, [R.D.]'s grades are A's and B's.

11.     During school year 2011-12, [Is.D.] had school infractions for being tardy and for unexcused absences.  He also had behaviors in 2011 for hitting, biting, and inappropriate gestures.  In April and March 2012 he had infractions for inappropriate sexual behavior and violation of bus rules.  His academic scores were generally average except for Multidisciplinary studies and Language Arts for which he receive [sic] unsatisfactory marks.

12.     The [Mother] caused [Is.D] to be seen by Dr. Atiya Khan of the Fort Wayne Neurological Center.  He was diagnosed Hydrocephalus, ADHD and a seizure disorder.  He was thereafter placed on medications (Petitioner's Exhibit 2).  At a school conference in April 2014 attended by the Mother, the child was placed under an Individual Education Plan (Petitioner's Exhibit 1).  [Is.D.]'s Student Achievement Report for the 2013-14 school year reflects significant improvement.  On it his teacher wrote "[Is.D] has been doing better than in the last few weeks."

* * * * *

21.     As noted in the findings herein above, the children at one point struggled both behaviorally and academically.  Both children are now demonstrating improvement.  Thus, this Court cannot find and conclude that there has been a substantial *and continuing* change of circumstances with regard to the children's adjustment to home or school.

* * * * *

. . . Accordingly, this Court cannot conclude from the evidence that a change of custody is necessary for the children's welfare.

(App. at 26-29) (emphasis in original).

# Discussion and Decision

We first note Father proceeds *pro se*. A litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

Father asserts the trial court abused its discretion when denying his request for modification.

> We review custody modifications for abuse of discretion, with a preference for granting latitude and deference to our trial judges in family law matters. In the initial custody determination, both parents are presumed equally entitled to custody, but a petitioner seeking subsequent modification bears the burden of demonstrating that the existing custody should be altered. When reviewing a trial court's decision modifying custody, we may not reweigh the evidence or judge the credibility of the witnesses. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences therefrom.

*Julie C. v. Andrew C.,* 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010) (citations omitted).

[8]     The trial court entered findings of fact and conclusions of law when denying modification.

> The conclusions of law are reviewed *de novo.* But pursuant to Trial Rule 52(A), we shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Factual findings are only clearly erroneous where there is no support for them in the record, either directly or by inference; a judgment is only clearly erroneous when it applies an improper legal standard to proper facts. In either case, we must be left with the firm conviction that a mistake has been made.

*Johnson v. Johnson*, 999 N.E.2d 56, 59 (Ind. 2013) (internal citations and quotations omitted).

[9]     To modify a child custody order, the court must find modification is in the best interest of the child and there is "a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter." Ind. Code § 31-17-2-21. The factors to be considered by the trial court are:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parent or parents;
>>
>> (B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a *de facto* custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8.

[10] Father asserts that due to his educational level and language expertise, he is a better choice for custody of Is.D. and R.D. Father presented school records from the 2011-12 school year wherein Is.D. had four behavioral infractions and R.D. had five behavioral infractions. Father testified as to his educational qualifications and other relevant training he has attended. However, as noted by Mother, these factors were in place before the original custody order. "The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described in section 8 . . . ." Ind. Code § 31-17-2-21. Thus, the court made no error in determining the evidence Father presented could not have justified a modification of custody. *See Gerber v. Gerber*, 476 N.E.2d 531, 532 (Ind. Ct. App. 1985) ("modification of

custody is warranted only when the moving party shows a decisive change in conditions in the custodial home").

[11] Mother submitted reports from the 2013-2014 school year showing Is.D. was involved in an Individual Education Program (IEP) and had passing grades. His Student Achievement Report also contains a handwritten notation that he had been doing better in the last few weeks.[1] R.D.'s Student Achievement Report for 2014 showed all passing grades.[2] As the evidence favorable to the judgment confirms the court's finding the "children are now demonstrating improvement," (App. at 21), we find no abuse of discretion in the denial of Father's petition for modification. *See Miller v. Carpenter*, 965 N.E.2d 104, 110 (Ind. Ct. App. 2012) (finding no justification for modification when no substantial change exists).

## Conclusion

[12] As Father's evidence did not demonstrate a substantial and continuing change warranting modification of custody, we affirm.

[13] Affirmed.

Robb, J., and Mathias, J., concur.

---

[1] On appeal, Father questions the origin of this handwritten note but he did not object when it was entered into evidence. Therefore, this claim is waived. *See Brown v. State*, 783 N.E.2d 1121, 1125 (Ind. 2003) (failure to make a contemporaneous objection to admission of evidence waives claim on appeal).

[2] Father now admits R.D. has improved since 2011. (Appellant's Br. at 8.)